**UNITED STATES COURT OF APPEALS**
**Filed 7/29/96**
**TENTH CIRCUIT**

_____

ROBERT RICHARDSON,

    Plaintiff-Appellant,

v.

ALBERTSON'S, INC., a Delaware
Corporation,

    Defendant-Appellee.

No. 96-1036
(D.C. No. 94-B-1774)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appearing pro se, Robert Richardson appeals the district court's order

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

granting Albertson's motion for summary judgment on his claims that Albertson's termination of his employment violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. §1981. We affirm.

Albertson's terminated Mr. Richardson from his position as a baker on August 7, 1993. Mr. Richardson, an African American, claims he was fired for being absent from work for two days without having a doctor's note for verification while white employees were not required to produce doctor's notes for similar absences. Albertson's claims they fired Mr. Richardson "for failing to report to work as scheduled, failing to comply with a reasonable request that he provide documentation concerning his absence, and because of Albertson's belief that he lied about the events of June 2-5, 1992, asked a co-worker to lie for him, and falsely denied reporting to work."

Prior to filing his complaint in district court, Mr. Richardson was required to exhaust his administrative remedies regarding his claims under the Americans with Disabilities Act and Title VII. 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117(a); *Khader v. Aspin*, 1 F.3d 968, 970 (10th Cir. 1993). He attempted to do this by filing a claim with the Equal Employment Opportunity Commission (the

"Commission").  In its determination letter, the Commission found "Charging party has failed to provide, medical documentation to show that he is a qualified individual as required by the ADA.  Therefore, the Commission finds that it has no jurisdiction on the allegations filed under the Americans with Disabilities Act."  We have held that "when a complainant refuses or fails to provide the agency information sufficient to evaluate the merits of the claim, he or she cannot be deemed to have exhausted administrative remedies."  *Khader*, 1 F.3d at 971 (internal quotation marks omitted).  We therefore agree with the district court's finding that it lacked jurisdiction over Mr. Richardson's claim under the Americans with Disabilities Act because by failing to provide the Commission with the documents it needed to determine his claim, he failed to adequately exhaust his administrative remedies.

The Commission's letter did dismiss Mr. Richardson's Title VII claims on the merits.  We agree with the district court that he failed to show any evidence of racial discrimination and his Title VII claim and his § 1981 claim were properly dismissed on summary judgment.  *See Patterson v. McLean Credit Union*, 491 U.S. 164, 186-87 (1989) (same analysis applies to Title VII and § 1981 claims).  Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), an employee carries the initial burden of establishing a prima facie case of racial

discrimination. If this is done, the burden then shifts to the employer to show a legitimate, non-discriminatory reason for terminating the plaintiff. *Id.* If the employer does so, the burden then shifts back to the plaintiff to establish the employer's reasons as pretext. *Id.* at 804; *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995). The district court found:

> Assuming that Richardson can set forth a prima facie case of racial discrimination, Albertson's has met its burden of setting forth a legitimate non-discriminatory reason for terminating him. Albertson's proffers affidavits of four employees who confirm the events of June 2 through 5. These facts are uncontroverted based on Richardson's failure to provide evidence other than his own conclusory allegations regarding these events. Therefore, Richardson presents no evidence that the proffered reasons for his termination were pretextual. Accordingly, he fails to set forth a prima facie case of racial discrimination and Albertson's is entitled to summary judgment on Richardson's Title VII and § 1981 claims.

After liberally construing the record, the only evidence we can find that Mr. Richardson offers of race discrimination are his unsupported allegations white coworkers were not fired for failing to report to work and his statement that he has shown "his witness and produce[d] evidence to show a genuine issue in his pretrial disclosures." He fails to identify who this witness is or what their testimony would be; nor does he identify any non-minority coworkers who were treated differently than he was. He also fails to provide any evidence to dispute the legitimate reasons Albertson's gave for terminating him. Mere conclusory allegations unsupported by any evidence are not enough to withstand a motion for

summary judgment.

The order of the district court is **AFFIRMED**.

                                                  **Entered for the Court:**

                                                  **WADE BRORBY**
United States Circuit Judge