**UNITED STATES COURT OF APPEALS**
**Filed 7/29/96**
**TENTH CIRCUIT**

———————————————

ROBERT RICHARDSON,

    Plaintiff-Appellant,

v.

BAKERY, CONFECTIONARY &
TOBACCO WORKERS, LOCAL NO.
26,

    Defendant-Appellee.

No. 95-1518
(D.C. No. 95-S-679)
(D. Colorado)

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore the appellee's motion to decide the case without oral argument is granted.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se appellant Robert Richardson brings this appeal challenging the dismissal of his claims of racial discrimination brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. We affirm.

Mr. Richardson is an African-American member of the Bakery, Confectionary & Tobacco Workers, Local No. 26 (the "Union"). He claims the Union discriminated against him on the basis of his race when it failed to represent him in a grievance for wrongful termination against his former employer, Albertson's, Inc.[1] The district court granted the Union's motion for summary judgment for five reasons:

> First, the Plaintiff's complaint is untimely. The evidence indicates that the Plaintiff filed his complaint beyond the 90-day time limit after receiving the EEOC's determination on his charge of discrimination. Other than his conclusory allegations, the Plaintiff has provided no evidence to the contrary.
>
> Second, the Plaintiff has failed to prosecute this case and has refused to provide adequate responses to discovery requested by the Defendant and ordered by the court on September 28, 1995....
>
> Third, the Plaintiff has not established a prima facie case for discrimination under Title VII or § 1981. There is absolutely no

---

[1] We recently affirmed the district court's dismissal of Mr. Richardson's separate lawsuit against Albertson's. *Richardson v. Albertson's, Inc.*, No. 96-1036, slip op. (10th Cir. July 29, 1996).

evidence that the Plaintiff was treated differently than anyone who was similarly situated.

Fourth, the Defendant has sufficiently demonstrated a legitimate nondiscriminatory reason for abandoning the Plaintiff's grievance against Albertson's.

Fifth, the Plaintiff has not demonstrated that the Defendant's nondiscriminatory reason for discontinuing the Plaintiff's grievance was actually a pretext for discrimination. Other than bare conclusory allegations set forth in the complaint, the Plaintiff has presented no evidentiary support for his claims. The Plaintiff did not file any responses to the Defendant's motion for summary judgment or motion for dismissal. The Plaintiff's answer to the Magistrate Judge's recommendation states merely general conclusory denials of the Defendant's evidence.

Mr. Richardson raises two issues on appeal. First, Mr. Richardson claims "[t]he District Court was prejudice[d] when making the decision on the Summary Judgment. The issue is the District Court only reviewed the Defendant Summary Judgment but failed to request the Plaintiff to response [sic] to Defendant Summary Judgment. Therefore the decision was prejudice." This issue is without merit. It was up to Mr. Richardson to respond to the Union's motion for summary judgement. There is no requirement nor basis for the position that he had to wait for the district court to order him to do so. He also has not alleged that he was unable to do so or was unaware of the Union's motion. Furthermore, Mr. Richardson did write a response to the Magistrate's recommendation to grant the Union's motion which response begins "Plaintiff will state the facts to support

why the Summary Judgment should not be granted." The record reflects the district court considered his response before ruling. The district court in no way denied Mr. Richardson a chance to respond to the Union's motion nor demonstrated any prejudice against him in making its decision.

It is hard to decipher his second issue. Applying a very liberal reading to his brief,[2] he appears to contend that under Fed. R. Civ. P. 56 the Union did not fully meet its burden of showing there was no genuine issue of material fact and that there was no evidence to support Mr. Richardson's claims. For purposes of this appeal, we will assume Mr. Richardson established a prima facie case of racial discrimination pursuant to *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973). It was then up to the Union to rebut the presumption of discrimination by showing a nondiscriminatory reason for its actions. *Drake v. City of Fort Collins*, 927 F.2d 1156, 1160 (10th Cir. 1991). These reasons "must be clear and reasonably specific." *Id.* Once this is done, the presumption of discrimination "simply drops out of the picture." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993). In this case the Union presented undisputed evidence that it represented Mr. Richardson in the matter for over a year until finally faced with

---

[2] We construe the pleadings of pro se parties liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

lack of cooperation from Mr. Richardson and persuasive evidence from Albertson's it decided to drop his grievance. The Union began its representation by writing a letter to Albertson's asking why it had fired Mr. Richardson. The Union continued to pursue action against Albertson's despite Mr. Richardson's failure to respond to its requests for information. Eight months into the process, the Union wrote to Mr. Richardson and told him it needed some concrete information to support his claims before it could proceed any further on his behalf. Two weeks later, after still not receiving any supporting evidence from Mr. Richardson, the Union notified him it would not proceed with his case. The Union, however, did not formally withdraw its complaint against Albertson's until nearly five months later when it received a letter from Albertson's which

> with the accompanying co-worker witness statements on record against the Appellant, made it clear that in order to prove the Appellant's case, the Appellee would have to prove that four other members of the bargaining unit were lying. Moreover, the Appellee would have to impeach the credibility of these co-workers without the Appellant himself having provided any information of any sort to confirm his story.

Mr. Richardson does not refute the Union's contention that he failed to cooperate with it by providing any evidence to support his claims nor has he presented any evidence to show the Albertson's letter to be unreliable. He also does not provide any evidence showing any intentional discrimination against him or that he was treated differently than non-minority union members. He simply alleges that the

Union failed to represent him because he is black and claims the Union failed to furnish any documents showing that another member in the same situation had been treated similarly. Mr. Richardson fails to understand who bears what burden. Once the Union put forth a legitimate non-discriminatory reason for failing to pursue his grievance it was up to him to raise a genuine issue of fact regarding whether the Union's given reasons were mere pretext. *Carey v. United States Postal Serv.*, 812 F.2d 621, 625 (10th Cir. 1987). It was Mr. Richardson's burden to show that the Union had treated similarly situated non-minority members differently, not the other way around. The closest we find to any allegation of racial animus is his statement that "when [] White Co-workers make a statement and [a] Black member los[es] his right[] to be represent[ed] by the Appellee that is discrimination." We assume he means the statements supporting the Albertson's letter were made by white co-workers. Interestingly, he does not challenge the verity of their statements but instead alleges the Union should have provided police reports describing the events rather than relying on the white co-worker's statements. He also does not explain how the police reports would differ from the testimony of his co-workers or provide any reasons why his co-workers might be unreliable other than the unacceptable fact that they are white and he is black.

In order to survive a motion for summary judgment the non-moving party must do more than assert conclusory allegations and claim the moving party should have used a different source for its supporting facts. In this case, the Union has presented the non-racially motivated reasons that they dropped Mr. Richardson's grievance after he failed to cooperate with them by providing any support for his claims while faced with a letter from Albertson's providing legitimate reasons for firing him supported by several eyewitness statements and affidavits. The Union also produced numerous letters documenting its attempts to get information from Mr. Richardson about his claims, actions it had taken against Albertson's in pursuit of this claim and evidence of previous actions it had successfully taken on Mr. Richardson's behalf. The simple fact that the eyewitnesses supporting Albertson's letter are white and he is black is not enough to support a claim of racial discrimination. We find no direct or indirect evidence that Mr. Richardson's race played any role in the Union's decision to no longer pursue his grievance.

The district court's order is **AFFIRMED**.

> **Entered for the Court:**
>
> **WADE BRORBY**
> United States Circuit Judge