**UNITED STATES COURT OF APPEALS**
**Filed 8/5/96**
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

$310,659.56 IN U.S. CURRENCY, $16,425.00 IN U.S. CURRENCY; One 1994 Chevrolet Camaro Z-28 Oklahoma Tag #QAX011, VIN 2GIFP22P5R2115922; One 1991 Cadillac Eldorado Oklahoma Tag #YXP907, VIN 1G6EL13BXMU605192; One 1987 Lincoln Town Car Oklahoma Tag #XOJ180, VIN 1LNBM82F6HY610040; One 1988 GMC Pickup Truck Oklahoma Tag #YNW463, VIN 1GTDC14K4JZ527725; One 1987 Chevrolet Pickup Truck Oklahoma Tag #VCI160, VIN 1GCER14K2HJ103682; One 1986 Chevrolet Caprice Oklahoma Tag #QAX753, VIN 1G1BN69H1GX1033914; One 1978 Pontiac Bonneville Oklahoma Tag #YSG353, VIN 2N69Z8X119430; One 1979 Chevrolet El Camino Oklahoma Tag #QAW872, VIN 1W80H9K576834; One 1971 Chevrolet Pickup Truck Texas Tag #4780ZQ, VIN CE141S6557675;

Defendants.

No. 95-6405

(W.D. Oklahoma)

(D.C. No. CIV-94-804-L)

- - - - - - - - - - - - - - - - - - - - - - - - -

JESUS ROMERO and PETRA ROMERO,

        Claimants - Appellants.

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,                    No. 95-6416

    v.                                    (W.D. Oklahoma)

4408 NW 13TH STREET, OKLAHOMA          (D.C. No. CV-94-740-L)
CITY, OK, REAL PROPERTY LOCATED
AT, with all appurtenances and improvements
legally described as Lots 5 and 6 in Block 24
in Corbin Park Addition to Oklahoma City,
OK County, according to the recorded plat
thereof,

        Defendant,

    and

JESUS M. ROMERO and PETRA
ROMERO,

        Claimants - Appellants.

---

## ORDER AND JUDGMENT[*]

---

Before **ANDERSON, BARRETT**, and **MURPHY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Jesus Romero and Petra Romero appeal the district court's orders denying their motions to vacate the default judgments entered in these related civil in rem forfeiture actions. We affirm.

In May 1994, the United States filed separate complaints in rem seeking civil forfeiture of real property, cash, and vehicles seized along with drugs, weapons, and paraphernalia in connection with a search of the Romeros' residence. The Romeros never answered the complaints. In August 1994, the United States filed a motion for default judgment in each case. The Romeros did not respond, and on September 1, 1994, the district court granted the motion in each case. On October 19, 1994, the Romeros moved the court to vacate or set aside its default judgments pursuant to Fed. R. Civ. P. 55(c) and 60(b). The district court denied the motions, and these appeals ensued.

We review the district court's denial of a motion to set aside default judgment under Rules 55(c) and 60(b) for abuse of discretion. United States v. Timbers Preserve, 999 F.2d 452, 454 (10th Cir. 1993). A district court has discretion to vacate a judgment if a movant shows good cause within the terms of Rule 60(b). Id. In cases involving

- 3 -

default judgments, we have established the additional requirement that a movant demonstrate the existence of a meritorious defense. Id.; Olson v. Stone (In re Stone), 588 F.2d 1316, 1319 (10th Cir. 1978).

The Romeros argue first that they are Hispanic with little educational background and have limited ability to communicate in English. The record in each case reflects, however, that the Romeros were represented by counsel who knew before the government submitted its motions that no answers had ever been filed, who knew that motions for default would be and were filed, and who could adequately communicate with his clients. See Appellant's App. (No. 95-6416) at 18, 30, 32, 70-71, 96-97; Appellant's App. (No. 95-6405) at 42, 83-84; 112-13. This argument fails.

The Romeros next argue that they believed counsel for their son or their own previous counsel had answered the complaint. They submit no facts, however, that would justify their concluding that answers were ever filed; nor do they explain the basis for this belief; nor do they elucidate why their own counsel, who entered an appearance in both cases on June 9, 1994, did not take such elementary steps as (1) checking the files to see if answers had been submitted; (2) attempting to file answers or other pleadings after learning that no answers had ever been filed; (3) responding in any manner to the government's motions for default judgment; or (4) moving immediately to vacate the judgments after they had been entered. Nor do the Romeros have a valid explanation for supposedly relying on someone other than their own counsel to represent their interests in

the courts, an unreasonable proposition at best. Such neglect is chargeable to the Romeros, who have failed to demonstrate why it should be considered excusable in these circumstances, see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 394-97 (1993), or how it meets any of the Rule 60(b) criteria.

The Romeros also argue that Jesus Romero was actively involved in criminal plea negotiations that involved attempted in personam forfeiture of the same property implicated in the civil in rem actions. However, as the district court recognized, "[a] claimant who fails to appear in a civil forfeiture action because a criminal action is pending does so at his own peril." See United States v. 51 Pieces of Real Property, 17 F.3d 1306, 1317 n.13, 1319 (10th Cir. 1994) (rejecting belated attempt to file civil in rem claim after criminal action completed); United States v. One 1979 Rolls-Royce Corniche Convertible, 770 F.2d 713, 716 (7th Cir. 1985) ("Just because the claimant was under criminal investigation and possible grand jury indictment do not excuse him from attending the civil forfeiture proceedings being had against his property."); see also Suppl. Fed. R. Civ. P. C(1) ("[A] party who may proceed in rem may also . . . proceed in personam against any person who may be liable."). The Romeros submit no facts to explain how the pending criminal case kept them from responding -- in even the briefest of fashions -- in the civil cases. Moreover, criminal action against Petra Romero had already terminated more than one month before the government sought default judgments. The record also belies their related contention that they were led to believe the civil cases

had been stayed, as the evidence shows their counsel had actual knowledge that no answers were filed in either case and that the government would and did seek default judgments.  See supra, p. 4.

The Romeros raise additional arguments for the first time on appeal, which we do not consider.  United States v. Griffin, 48 F.3d 1147, 1151 n.6 (10th Cir.), cert. denied, 115 S. Ct. 2630 (1995).  Because they have failed to show good cause under Rule 60(b) for vacating the district court's default judgments in these cases, we need not address whether they could present meritorious defenses to the government's complaint in either case.

The orders denying the motions to vacate judgment in both cases are AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge