**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT RICHARDSON,

     Plaintiff-Appellant,

v.

ALBERTSON'S INC., a Delaware
Corporation; JAMES A.
HAUTZINGER; PAT HILDEBRAND;
FRANK S. FELDMAN,

     Defendants-Appellees.

No. 98-1198
(D.C. No. 98-Z-1)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1 (G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Robert Richardson brought suit in the district court claiming that Albertson's Inc., one of its employees, one of its attorneys, and an employee of the Equal Employment Opportunity Commission had violated his civil rights in a prior case arising out of the termination of his employment with Albertson's. He also asserted that the individual defendants had perjured themselves in that proceeding.

Construing Mr. Richardson's pro se pleadings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), the district court concluded that he alleged a civil rights violation under 42 U.S.C. § 1983 and a private, civil action for perjury under 28 U.S.C. § 1746. It dismissed the complaint and cause of action with prejudice, under Fed. R. Civ. P. 12(b)(6). [1]

After a thorough review of the record, we agree with the district court that Mr. Richardson failed to allege that defendants acted under color of state law, as required for his § 1983 claim. See Jojola v. Chavez, 55 F.3d 488, 492 (10th Cir. 1995). We also agree that Mr. Richardson has no civil action for perjury,

---

[1]     Additionally, the court determined that Mr. Richardson's complaint was repetitious and frivolous, warranting limited sanctions pursuant to Fed. R. Civ. P. 11. Mr. Richardson does not appeal this aspect of the court's order.

because, in the absence of a statute to the contrary, an unsuccessful litigant may not maintain a civil action against a person who allegedly committed perjury. See Advantor Capital Corp. v. Yeary, 136 F.3d 1259, 1263 (10th Cir. 1998) (citing Morgan v. Graham, 228 F.2d 625, 627 (10th Cir. 1956)). We affirm for substantially the reasons expressed by the district court in its order of May 1, 1998.

At this time, we decline to impose sanctions and therefore deny appellees' motion for sanctions on appeal. We emphasize, however, that "[t]his court has the power to impose sanctions such as costs, attorney fees, and double costs for the filing of frivolous appeals." Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1985) (imposing double costs on a pro se litigant). Because Mr. Richardson's repetitive filings must come to an end,[2] we warn him that any additional frivolous and repetitious filings may result in the imposition of sanctions.

---

[2] This appeal is the fourth in a series of actions arising from the termination of Mr. Richardson's employment with Albertson's. See Richardson v. Bakery, Confectionary & Tobacco Workers Local No. 26, No. 98-1070, 1998 WL 514587 (10th Cir. Aug. 13, 1998) (affirming dismissal of civil rights action against Mr. Richardson's union, union officials, and attorney for the union); Richardson v. Albertson's, Inc., No. 96-1036, 1996 WL 421977 (10th Cir. July 29, 1996), cert. denied, 117 S. Ct. 1551 (1996) (affirming the district court's entry of summary judgment in favor of Albertson's on Title VII and ADA claims); Richardson v. Bakery, Confectionary & Tobacco Workers, Local No. 26, No. 95-1518, 1996 WL 422070 (10th Cir. July 29, 1996) (affirming the district court's entry of summary judgment in favor of the union on racial discrimination claims).

AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


Stephen H. Anderson
Circuit Judge