**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2000**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

ROBERT RICHARDSON,

    Plaintiff-Appellant,

v.

ALBERTSON'S, INC., a Delaware
corporation; JAMES A.
HAUTZINGER; PAT HILDEBRAND,

    Defendants-Appellees,

and

WILLIAM WINTERS; FRANK S.
FELDMAN,

    Defendants.

No. 00-1215
(D.C. No. 99-B-1846)
(Colorado)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert Richardson brought suit against Albertson's Inc., Albertson's attorney in prior litigation, and several Albertson's employees, claiming that the individual defendants committed perjury in that litigation in violation of 18 U.S.C. § 1623. The district court adopted the magistrate's report and recommendation that the action be dismissed under Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim for relief, and that sanctions be imposed upon Mr. Richardson for filing a repetitious, baseless and vexatious lawsuit. Mr. Richardson appeals the dismissal[1] and we affirm.

This is the fifth lawsuit filed by Mr. Richardson arising from the termination of his employment with Albertson's in 1992. *See Richardson v. Albertson's Inc.*, No. 98-1198, 1999 WL 2502, at **1 n.2 (10th Cir. Jan. 5, 1999) (describing litigation history). In the most recent of these cases Mr. Richardson asserted, as he does here, that the Albertson's attorney and Albertson's employees perjured themselves during the original litigation. In affirming the dismissal of the perjury action for failure to state a claim, we stated that "Mr. Richardson has no civil action for perjury, because, in the absence of a statute to the contrary, an unsuccessful litigant may not maintain a civil action against a person who allegedly committed perjury." *Id.* (citing *Advantor Capital Corp. v. Yeary*, 136

---

[1] Mr. Richardson does not appeal the sanctions imposed by the district court. In any event, our discussion makes clear that the sanctions imposed were clearly justified.

F.3d 1259, 1263 (10th Cir. 1998). Despite this clear statement of the applicable law, Mr. Richardson filed the instant suit in which he again attempts to base a civil claim on allegations of perjury.[2] Accordingly we again affirm the dismissal for failure state a claim and repeat our holding that Mr. Richardson has no civil action for perjury under these circumstances.

Defendants have moved this court for sanctions pursuant to Fed. R. App. P. 38, contending that this appeal is frivolous. "An appellate court may assess just damages, including attorneys' fees and single or double costs, when an appeal is frivolous or brought for purposes of delay. An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Olson v. Coleman*, 997 F.2d 726, 728 (10th Cir. 1993) (citations and internal quotations omitted). When we affirmed Mr. Richardson's most recent appeal, we emphasized to him our power to impose sanctions for the filing of a frivolous appeal, and we warned Mr. Richardson "that any additional frivolous and repetitious filings may result in the imposition of sanctions." *Richardson*, 1999 WL 2502, at **1. We agree with defendants that the present appeal, which fails to present any reasonable argument that the district court erred in its disposition,

_____

[2] We note that in his last lawsuit Mr. Richardson asserted that the alleged perjury violated 28 U.S.C. § 1746, a civil perjury statute, and in this action he alleges that defendants violated 18 U.S.C. § 1623, a criminal perjury statute. This difference, however, makes no difference because our holding plainly applies to any alleged perjury.

is frivolous. We point out in particular Mr. Richardson's intransigent disregard of our holding in the prior appeal. Accordingly, we grant defendants' motion to impose as sanctions double costs and attorneys' fees. Defendants are allowed fourteen days to file an itemized and verified statement of their costs with the clerk of the court of appeals so that we may determine the amount to be awarded as double costs. Mr. Richardson will have seven days in which to contest the amount requested. We remand the case to the district court for a determination of attorneys' fees. The district court shall modify its judgment accordingly. *See generally Olson*, 997 F.2d at 728 (setting out procedure for imposing sanctions on appeal).

The judgment of the district court is **AFFIRMED**, defendants' motion for sanctions is **GRANTED**, and the case is remanded to the district court for a determination of attorneys' fees.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge