# UNITED STATES BANKRUPTCY APPELLATE PANEL

FOR THE EIGHTH CIRCUIT

No. 97-6019

| | |
|---|---|
| In re: * | |
| * | |
| CHARLES ROBERT NIELSEN and LEANN * | |
| JEAN NIELSEN, * | |
| * | |
| Debtors. * | |
| * | |
| * | |
| * | |
| CHARLES ROBERT NIELSEN and LEANN * | APPEAL FROM THE UNITED |
| JEAN NIELSEN * | STATES BANKRUPTCY COURT |
| * | FOR DISTRICT OF MINNESOTA |
| Appellants, * | |
| * | |
| v. * | |
| * | |
| DLC INVESTMENT, INC. * | |
| * | |
| Appellee. * | |

Submitted: July 1, 1997
Filed:  August 7, 1997

Before KOGER, SCHERMER and SCOTT

SCHERMER, United States Bankruptcy Judge:

Charles Robert Nielsen and Leann Jean Nielsen (the "Debtors") appeal from the bankruptcy court's order denying confirmation of their chapter 13 plan and converting their

chapter 13 case to chapter 7.  We remand to the bankruptcy court for consideration of Debtor's pre-petition modified plan.

I

After filing their chapter 13 petition, Debtors filed a chapter 13 plan (the "original plan") and later, a pre-confirmation modified plan (the "modified plan").  DLC Investment, Inc. ("DLC") objected to the original plan requesting denial of confirmation and a finding that Debtors proposed their plan in bad faith.  DLC also filed a separate motion requesting conversion of Debtor's chapter 13 case to chapter 7.

Debtors schedules reflect $80,269 in secured claims, $66,323 in unsecured, non-priority claims, $1,493 in monthly net income and $1,384 in monthly expenses.  Debtors claim $317,737 in exempt retirement plans including four IRA accounts, a 401K account and a profit sharing. Debtors' original plan proposed $100 monthly payments for thirty six months paying creditors $3,600 while the modified plan proposed $130 payments for sixty months paying creditors $7,800.

DLC's claim against Debtors arose as a result of protracted, pre-petition litigation concerning a real estate contract.[1]  Based on a jury verdict, a Minnesota state court entered a $35,000 judgement in favor of DLC and Larry Paul, DLC's president, and against Debtors in

---

[1] Debtors contracted to purchase certain real estate from DLC.  Pursuant to the contract, DLC notified the Debtors that it received a competing offer and notified Debtors that they had 48 hours to remove the contingency.  DLC attempted to sell the property to the competing bidder. The sale could not close because Debtors filed suit against DLC for specific performance in Minnesota District Court.  DLC prevailed on a temporary restraining order, and the Minnesota court ordered the Debtors' lis pendens removed from the property.  Debtors' lawsuit was dismissed by summary judgement, and the Minnesota court again ordered Debtors to remove the lis pendens.  Debtors appealed the grant of summary judgement against them, but the Minnesota Appellate Court affirmed.  The Minnesota Supreme Court denied Debtors petition for certiorari.

DLC's slander of title action. Specifically, the Minnesota court found Debtor's filing of a notice of lis pendens and complaint, Debtor's opposition to summary judgement in that action, the Debtors' appeals and Debtors' defense of the slander of title counter claim to be based on reasonable arguments. None of these litigation tactics supported an award of sanctions. However, the court found that Debtors' refusal to timely remove the lis pendens warranted an attorney fees sanction, and accordingly, it ordered Debtors to pay $7,950 in attorneys fees pursuant to MINN.STAT. § 549.21 (allowing Minnesota trial courts to award sanctions).

The bankruptcy court held a hearing on the confirmation of Debtors' plan. DLC presented its good faith and best efforts objections. *See* 11 U.S.C. §§ 1325(a)(3) and (b)(1)(B). The bankruptcy court took the matter under advisement and issued a written opinion which denied confirmation of Debtors' original plan and converted their case to chapter 7. Although the modified plan had been filed, the bankruptcy court denied confirmation of the original plan by referring to the $100 monthly payment and the 36 month duration. The court found:

> While the debtors harbor over $300,000 in tax exempt retirement accounts (which could well be available to creditors in a Chapter 7 case), they propose to pay their creditors a total of $3,600 (or 6% of claims) over three years. The plan is designed, essentially, to continue the debtors' record of malicious activity toward the objecting creditor, which has gone on for several years, and to avoid paying a $35,000 judgement that was entered against the debtors and in favor of the creditor in state court. The debtors have not been candid with the court; their initial petition and schedules failed to disclose assets that should be available for creditors (cars, raw land, a boat, etc.). The plan has not been filed in good faith and it does not meet the best interests of creditors test.

3

The bankruptcy court converted the case, and this appeal followed.

II

Debtors raise three (3) points on appeal.  First, they argue that the bankruptcy court erred in finding that their original plan was not proposed in good faith because it sought to discharge a liability arising out of a civil judgement.  Next, they challenge the bankruptcy court's findings of fact as clearly erroneous.  Finally, Debtors argue that the bankruptcy court erred in not conducting an evidentiary hearing.

III

A bankruptcy appellate panel shall not set aside findings of fact unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness. Fed.R.Bankr.P. 8013.  We review the legal conclusions of the bankruptcy court de novo. First Nat'l Bank of Olathe Kansas v. Pontow, 111 F.3d 604, 609 (8th Cir.1997); Estate of Sholdan v. Dietz, (In re Sholdan), 108 F.3d 886, 888 (8th Cir.1997). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985) (quoting U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  The determination of good faith in proposing a chapter 13 plan is a factual finding reviewed under the clearly erroneous standard.   Handeen v. LeMaire, (In re LeMaire), 898 F.2d 1346, 1350 (8th Cir.1990).

5

Before a bankruptcy court confirms a chapter 13 plan, it must find "the plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3).[2] Good faith is not defined in the Bankruptcy Code nor is it discussed in the legislative history. Prior to 1984, Eighth Circuit courts focused on "whether the plan constitutes an abuse of the provisions, purpose or spirit of Chapter 13" and employed an eleven factor test in determining whether the plan has been proposed in good faith. In re Estus, 695 F.2d 311, 317 (8th Cir.1982)(listing factors). The Bankruptcy Amendments and Federal Judgeship Act of 1984 added subsection (b) to § 1325 which allows a bankruptcy court to confirm a plan in which all the debtor's disposable income for three years was devoted to repayment of creditors. After the 1984 amendments, the Eighth Circuit concluded that the "ability to pay" criteria narrowed the good faith inquiry. In re Education Assistance Corp. v. Zellner, 827 F.2d 1222, 1227 (8th Cir.1987). The good faith inquiry now turns on "whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code." Id. at 1227; *see also* LeMaire, 898 F.2d at 1349.

In making this determination, courts must employ a "totality of circumstances approach." LeMaire, 898 F.2d at 1348 (8th Cir.1990)("[I]t is recognized that Zellner preserved the traditional 'totality of circumstances' approach with respect to the Estus factors not addressed

---

[2] The Bankruptcy Code is 11 U.S.C. §§ 101-1330. All future references are to title 11 unless otherwise indicated.

by the legislative amendments").  Factors not addressed by the legislation include the type of debt

sought to be discharged and whether such debt is dischargeable in a chapter 7 and the debtor's motivation and sincerity in seeking chapter 13 relief. LeMaire, 898 F.2d at 1349 (*citing* Estus, 695 F.2d at 317).

## V

In the instant case, the bankruptcy judge denied confirmation based on lack of good faith and failure to meet the best interest of creditors test. In the February 6, 1997 Order denying confirmation and converting the case, the bankruptcy judge cited three (3) reasons.

(1) the proposed $3,600 (6% of claims) payment to creditors over 36 months while harboring over $300,000 in tax exempt retirement accounts which could be available to creditors in a chapter 7 proceeding,

(2) the plan is designed, essentially, to continue the debtors' record of malicious activity toward [DLC] , which has gone on for several years, and to avoid paying a $35,000 judgement that was entered against the debtors in favor of [DLC] in state court.

(3) Debtors' lack of candor with the court; namely, the failure to disclose their initial assets (cars, raw land, a boat, etc.) in their petition and schedules.

The bankruptcy court considered the original plan's proposed repayment to unsecured creditors to be an indicia of bad faith in light of Debtor's retention of a the retirement accounts. However, it is apparent that the bankruptcy court considered the original plan and not the modified plan. After receiving DLC's objection, Debtors filed the modified plan, presumably to address those objections. Debtors have the right to modify the plan before the confirmation hearing, § 1323(a), and "the plan as modified becomes the plan." § 1323(b).

Appellees argue that the modified plan is irrelevant such that the bankruptcy court's failure to consider it is harmless error. The record before the court, however, does not support this argument. Rather, the bankruptcy court heard argument on the issues, accepted the briefs

9

and statements of counsel,[3] an affidavit of the Debtors, without objection, as well as the Debtor's schedules which were before the Court under its independent obligation to determine good faith. § 1325(a)(3). The bankruptcy court took the matter under advisement in order to review all the documents and, if necessary, set an evidentiary hearing. Apparently, the bankruptcy court concluded after this review that no further hearing was necessary and entered an order later that same day denying confirmation and converting the case. In the order, it appears that the court reviewed only the original plan, rather than the modified plan. The bankruptcy court's specific findings cannot be ignored.[4] The modified plan replaced the original plan and the good faith and best interest of creditors requirements under the Bankruptcy Code must be considered under the plan the Debtor is attempting to confirm.

Accordingly on remand, the bankruptcy court should consider the good faith issue in light of the increased repayment and duration of the modified plan as well as the requirements of § 1325(a)(4) with respect to the retirement accounts.

---

[3] Of course, neither statements of counsel nor exhibits to a brief are evidence unless expressly stipulated as admissible evidence. *See generally* Exeter Bankcorporation, Inc. v. Kemper Securities Group, Inc., 58 F.3d 1306, 1312 n.5 (8th Cir.1995)(statements of counsel not evidence); Boston Five Cents Savings Bank v. Department of Housing and Urban Development, 768 F.2d 5, 11-12 (1st Cir.1985)(matters submitted upon stipulations authorize the court to rule on the written record, even if material facts are disputed, whereas mere submission of documents, even in the form of cross-motions for summary judgement, does not.

[4] Neither party availed itself of Rules 7052, Federal Rules of Bankruptcy Procedure, which incorporates Rule 52, Federal Rules of Civil Procedure, to ask the trial court to make additional findings in light of this discrepancy. *See* Fed.R.Bankr.P. 9014 (Rule 7052 applies in contested matters). Rather, they simply appealed.

VI

For the reasons stated, we remand to the bankruptcy court to consider confirmation of the modified plan proposed by the Debtors.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT