**In re Dorothy C. MacPHERSON,
Debtor.**

**Dorothy C. MacPherson,
Plaintiff/Appellee,**

**v.**

**Janet B. Johnson, Defendant/Appellant.**

**No. MW 00–077.**

United States Bankruptcy Appellate Panel of the First Circuit.

Nov. 2, 2000.

Peter M. Stern, Springfield, MA, for Appellant.

Philip M. Stone, Worcester, MA, for Appellee.

Before LAMOUTTE, HAINES, DEASY, Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Judge.

Before us is Janet Johnson's appeal from the bankruptcy court's order entering judgment against her, and in favor of debtor Dorothy MacPherson, on MacPherson's complaint seeking an off-set against Johnson's acknowledged secured claim. For the reasons set forth below, we vacate the judgment and remand the matter for further proceedings.

## Jurisdiction

We have appellate jurisdiction under 28 U.S.C. § 158(a)(1) and § 158(b)(1). "A default judgment is a final order, ripe for our review." *Zeitler v. Zeitler (In re Zeitler)*, 221 B.R. 934, 936 (1st Cir. BAP 1998).

## Background

MacPherson brought an adversary complaint seeking to reduce Johnson's claim.[1]

The matter was set for trial before the bankruptcy court at 9:30 a.m. on June 1, 2000.

With settlement negotiations pending, Johnson's attorney filed an agreed motion to continue the trial on May 31, 2000. The court had not acted on the motion by the close of business. When Johnson's counsel called the court at 9:10 a.m. the next morning, he learned that the motion had been denied. MacPherson's attorney appeared at the appointed hour, albeit sans witnesses, and explained to the court that he had forwarded a settlement proposal, that defense counsel had been hard to reach by telephone, and that defense counsel had apparently forgotten the trial date until the day before. The following exchange ensued:

COURT: Well, I—my practice is to normally—normally continue a hearing, a trial, if the lawyers tell me that—first of all I would always continue it if they inform me that there's been a settlement. I will normally continue a trial if lawyers inform me that in all likelihood there is a settlement. I've got neither here. The motion—I don't have it right in front of me—it apparently said that one side is considering an offer of settlement. Well, that's just not good enough. That's just not good enough to stop the trial.

So—and I don't give one-week continuances. They're simply not available. A continuance would have to be for three months or some such thing. So we are left then with the question what to do. Well, I think the answer is very simple. I will enter an order along— simply taking verbatim your offer of settlement. That's going to be the order of the Court. What's your offer of settlement?

---

1. Johnson had sold a business to MacPherson pre-bankruptcy, taking back a mortgage to secure part of the purchase price. MacPherson asserted that Johnson's concealment of customer credits outstanding at the time of sale and her misappropriation of certain overstock inventory had damaged her. Thus, she sought judgment reducing Johnson's secured claim by the amount of her alleged damages.

STONE: I told him I had authority to accept $15,000 as a credit against the claim that Ms. Janet Johnson has against my client. Just by background, Your Honor, Janet Johnson was the former owner of the business in question, and she took back some paper secured by a second mortgage on my client's property, and so the $15,000 would reduce the amount of her claim.

(Appellant App. at 20–21; Tr. at 4–5.)

The court and Mr. Stone next started discussing the nature of MacPherson's claims. Within minutes, Johnson's counsel, Mr. Stern, arrived in court. After apologizing for his tardiness, and at the court's request, he explained why MacPherson's offer of settlement should not enter as final judgment in the case. Mr. Stone objected to Mr. Stern's insistence (and the court's offer) that the case be tried, explaining that he had released his client (the essential witness) from trial in reliance on the agreed motion to continue.

Stone: Well, excuse me, Your Honor. Mr. Stern asked me yesterday to assent to a continuance because he wanted to discuss the settlement with his client. And now he's telling me at ten o'clock that his client has rejected it. My client witness is not here. I feel like I've done everything possible and reasonable that I could do, and I don't want to see my client's interests prejudiced as a result of either [sic] his secretary's failure to communicate with me that he was away. Yesterday he told me that he didn't know the case was on for trial, that he thought it was "sometime in June." He asked me to assent to a continuance so he could discuss the settlement in good faith, and I agreed to that, and now I don't have a witness here. I feel like I'm being unduly prejudiced for things that I had—that I in good faith agreed to do as a courtesy to a fellow attorney.

STERN: I don't disagree with Mr. Stone. I—I—you know, my witnesses aren't away, but I don't want to see him prejudiced either.

COURT: Let the record show, by the way, I'm talking to a courtroom that's populated by two lawyers. All right? There are no witnesses here. Go ahead.

STERN: Well, I don't want—it's—I take responsibility for the late motion. Mr. Stone cooperated with me. I was away. I want to see—I want to see the case tried, and I don't have any problem with -

COURT: Well, the time to try it is now. Neither of you are prepared to try it. I'm entering an order incorporating a proffer of settlement. The proffer of settlement was $15,000 in complete satisfaction of the claim. Is that correct?

STONE: Right, Your Honor. No money would change hands. It would just reduce the amount of Janet Johnson's claim against my client.

COURT: A set-off of fifteen.

STONE: A set-off. Yes, Your Honor.

STERN: Your Honor, I'm prepared to try the case.

COURT: Well, you're not prepared to try it. It's—the case was set down for trial at—for 9:30, and your client's aren't here, and the -

STERN: My only witness was his client.

COURT: Yeah, well, all right, that's the order.

(Appellant App. at 23–25; Tr. at 7–9.)

The court's order provided that "[b]y reason of the defendant's default" it would enter judgment "in accordance with the plaintiff's proffer of settlement. Specifically, the defendant's claim against the plaintiff-debtor is reduced by the plaintiff's setoff claim of $15,000." (Appellant App. at 26; Order of June 1, 2000.) Johnson promptly appealed.

## Discussion

### 1. Standard of Review

 We review orders entering default judgment for abuse of discretion. The First Circuit has articulated abuse of discretion review as follows:

> Judicial discretion is necessarily broad—but it is not absolute. Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.

*Independent Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir.1988) (decision to grant or deny preliminary injunction). *Accord Coon v. Grenier*, 867 F.2d 73, 78 (1st Cir.1989); *Schiff v. Rhode Island*, 199 B.R. 438, 441 (D.R.I.1996). *See generally In re Zeitler*, 221 B.R. at 938–39 (discussing factors properly taken into account in entering default and default judgment).

### 2. Disposition

 Johnson urges us to overturn the court below on a number of grounds, including the court's improper consideration of an offer in compromise, its failure to conduct a damages hearing, and its failure to provide her with the three day notice required by Federal Rule of Bankruptcy Procedure 7055(b)(2) incorporating Federal Rule of Civil Procedure 55(b)(2).[2] Moreover, our own review of the record reveals that, in deciding to default John-

son, the court failed to weigh factors pertinent to its decision. *See In re Zeitler*, 221 B.R. at 938–39. On that score alone, principled appellate review is impossible and the matter would have to be remanded so that the lower court could base its analysis expressly on the record. *See id.* at 939–40.

 Although these Johnson's arguments and the lower court's failure expressly to weigh the pertinent factors might require remand for supplementation of the record, we conclude that the default cannot stand in any event. Johnson's principal argument is that the court could not enter judgment against her because MacPherson never met her burden of proof at trial. In other words, she contends that the debtor/plaintiff was unprepared to go forward when the matter was called for trial. The point has merit.

Both parties appeared at the June 1, 2000, hearing through their attorneys only. Each had bet, incorrectly, that the court would grant the agreed motion to continue trial. MacPherson's counsel explained that, expecting a continuance, his client had gone to work, instead of appearing in court. He could not proceed. Johnson's attorney explained that, although he had arrived late, he was prepared to go forward because his main witness would be MacPherson.

Under these circumstances, the default and default judgment must be vacated. Both parties were guilty of wagering that a continuance would issue. As a consequence, the plaintiff appeared without the wherewithal to carry her burden.[3] It is

---

**2.** The rules provide that if a party against whom default judgment is sought has appeared in the action it shall receive written notice of an application for default judgment at least three days before a hearing on, and entry of, a default judgment.

**3.** At oral argument MacPherson's counsel agreed that she bore the burden of proof in the adversary proceeding. *See Pester Refining Co. v. Mapco Gas Prods., Inc. (In re Pester Refining Co.)*, 845 F.2d 1476, 1486 (8th Cir. 1988) (burden of proof is on the party asserting right of setoff); *Barnett Bank of Tampa v.*

*Tower Envtl., Inc. (In re Tower Envtl., Inc.)*, 217 B.R. 933, 937 (Bankr.M.D.Fla.1997) ("[T]he party asserting the right to setoff has the burden of proof with respect to its validity and propriety."); *see also Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.)*, 993 F.2d 915, 925 (1st Cir.1993) ("A proof of claim which comports with the requirements of Bankruptcy Rule 3001(f) constitutes *prima facie* evidence of the validity and the amount of the claim. *See* Fed. R. Bankr.P. 3001(f). The interposition of an objection does not deprive the proof of claim of presumptive

arguable that, although Johnson's counsel may have been inattentive to the litigation and tardy for trial, MacPherson, as plaintiff, was the only party technically in default on June 1, 2000. Given that it was MacPherson's burden proof, entering default and default judgment against Johnson was an abuse of discretion.

### Conclusion

Accordingly, we VACATE the default and default judgment entered against the appellant, Johnson, and REMAND this matter to the bankruptcy court for trial. The bankruptcy judge may consider whether the events of June 1, 2000, constitute ground for imposing any reasonable sanction (short of default) against either party.

validity unless the objection is supported by *substantial evidence."*); *Allegheny–Ludlum Brackenridge Fed. Credit Union v. Fassinger (In re Fassinger),* 246 B.R. 513, 520 (Bankr. W.D.Pa.2000) (burden of proof is on the debtor/plaintiff in an adversary proceeding seeking a determination of the extent of the creditor/defendant's security interest).