In re Stephen Paul WALLACE, doing business as Wallace Real Estate Company, doing business as River Oaks Associates, doing business as Wallace Investments, Debtor.

Patrick J. Malloy, III, Trustee, Plaintiff–Appellee,

v.

Stephen Paul Wallace, Trustee for the Stephen Paul Wallace Irrevocable Trust (Trust), Defendant–Appellant,

v.

Ronald J. Saffa, Reece Morrel, and David Fist, Third–Party–Defendants–Appellees.

BAP No. NO–03–024.
Bankruptcy No. 02–00073–M.
Adversary No. 02–0197–M.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Sept. 8, 2003.

---

Kenneth L. Peacher, Oklahoma City, OK, for Defendant–Appellant.

Patrick J. Malloy III of Malloy & Malloy, Inc., Tulsa, OK, for Plaintiff–Appellee.

Before McFEELEY, Chief Judge, McNIFF, and THURMAN, Bankruptcy Judges.

## OPINION

MCFEELEY, Chief Judge.

Stephen Paul Wallace, Appellant/Debtor ("Wallace") appeals an order of the bankruptcy court of the Northern District of Oklahoma that granted a default judgment to Appellee Patrick J. Malloy, III ("Malloy"). Wallace argues that the bankruptcy court erred when it found that he had failed to file an Answer. Wallace further contends that the court abused its discretion when it granted Malloy's "Motion for a *Nunc Pro Tunc* Order" because the Motion and the Order were filed on the same date without notice to Wallace. We find no abuse of discretion and affirm.

## I. *Background*

Wallace is the Trustee of the Stephen Paul Wallace Irrevocable Trust ("Trust"). The sole asset of the Trust is a limited partnership interest of 5.77% in a family partnership known as the Lorrice Wallace Family Partnership ("Partnership") as well as certain annual distributions from that Partnership. Wallace is the beneficiary of the Trust.

Wallace filed for relief under Chapter 7 of the Bankruptcy Code. Malloy was appointed the Chapter 7 Trustee for Wallace's estate. Malloy filed an adversary complaint ("Complaint") on September 9, 2002, against Wallace as the Trustee of the Trust, (Wallace will hereinafter be "Appellant" when referring to him in this capacity) alleging that he had not honored the terms of the Trust and that as a result the

Trust was illusory and all of its assets were property of the estate.[1]

Wallace filed an Answer to the Complaint. The Answer denied the allegations of the Complaint and made claims against third party defendants, Ronald Saffa ("Saffa"), Reece Morrel ("Morrel"), and David Fist ("Fist"), alleging fraud, breach of fiduciary duty, infliction of emotional stress and psychotropic drugs ("Third Party Complaint"). Malloy moved to strike the Answer and dismiss the Third Party Complaint ("Motion") on the grounds that Wallace had answered in his individual capacity and not as Trustee of the Trust and therefore, the Answer had been filed by a non-party. Additionally, Malloy argued that the Third Party Complaint was improper because Wallace was not a party and had no standing to assert any claims with respect to assets of the estate.[2]

The bankruptcy court heard the Motion on December 4, 2002. At the hearing Wallace appeared *pro se*. There was no testimony or evidence presented. After questioning Wallace, the bankruptcy court determined that Wallace had answered the Complaint in his individual capacity and struck the Answer. The bankruptcy court further determined that there was no factual basis to sustain the allegations of the Third Party Complaint and struck it. An Order memorializing the oral ruling was entered on December 10, 2002. In the Order the bankruptcy court gave Appellant twenty additional days to file an answer. That Order was not appealed.

On January 13, 2003, Appellant filed an Emergency Request for Leave of Court for File Objection by Debtor of Not Receiving Notice of December 10, 2002 Order and Objection to Striking Original Pleading Prior to Order for Filing Restrictions ("Emergency Request"). In an Order entered January 14, 2003, the bankruptcy court struck the Emergency Request for the following reasons: failure to include a prayer for relief, failure to comply with court-ordered filing restrictions, and ambiguity.[3]

Malloy advised Appellant by a letter dated January 7, 2003, that he intended to seek a default judgment within five days of the mailing of the letter. On January 24, 2003, Malloy filed a Motion for Default Judgment on the basis that Appellant failed to file an answer. The motion was heard on February 11, 2003.[4] Appellant appeared *pro se*. Because no answer to the Complaint had been filed, the bankruptcy court treated the factual allegations of the Complaint as true and after reciting the procedural history of the Complaint, orally granted a judgment in favor of Malloy. A judgment memorializing the bank-

---

1. We observe that Malloy did not name the Trust in the Complaint and the Trust is not a party to this appeal.

2. Saffa and Morrel filed a motion to dismiss as did Fist. Neither of these Motions are part of our record. Both were heard at the hearing on the Plaintiff's Motion. Although Saffa, Morrel, and Fist are named in this appeal, Appellant has not asked for any relief with respect to the dismissal of the Third Party Complaint.

3. In his brief, Malloy claims that Wallace filed the Emergency Request in his individual capacity and not as Trustee of the Trust. We note that the bankruptcy court made no specific findings on this issue and the Order striking the Emergency Request was not appealed. Because it is a fact that has no relevance with respect to our disposition of this matter, for the purposes of this appeal we will assume without deciding that Appellant and not Wallace in his individual capacity filed the Emergency Request.

4. At the hearing, Appellant asked for a stay of the bankruptcy proceeding pending criminal proceedings. The bankruptcy court denied the request.

ruptcy court's ruling was entered that same day.

On February 20, 2003, Malloy filed a Motion for Order *Nunc Pro Tunc* Amending Judgment ("*Nunc Pro Tunc* Motion") to clarify that he was only to receive distributions from the Partnership attributable to the interest of the Trust. That Motion was granted on February 20, 2003, and a *Nunc Pro Tunc* Judgment was entered that same day.

## II.  *Appellate Jurisdiction*

■ The Bankruptcy Appellate Panel has jurisdiction over this appeal. An order granting a motion for a default judgment is a final order. *MacPherson v. Johnson (In re MacPherson)*, 254 B.R. 302, 303 (1st Cir. BAP 2000). Appellant timely filed a notice of appeal. The parties have consented to this Court's jurisdiction because they did not elect to have the appeal heard by the United States District Court for the Northern District of Oklahoma. 28 U.S.C. § 158(c)(1); Fed. R. Bankr.P. 8001; 10th Cir. BAP L.R. 8001–1.

## III.  *Standard of Review*

"For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable *de novo*), questions of fact (reviewable for clear error), and matters of discretion (reviewable for 'abuse of discretion')." *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); see Fed. R. Bankr.P. 8013.

■ The granting of a default judgment is reviewed for abuse of discretion. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 771 (10th Cir.1997). The abuse of discretion standard is also applied to the granting of a *nunc pro tunc* order. *In re Land*, 943 F.2d 1265, 1266 (10th Cir.1991). "Under the abuse of discretion standard: 'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir.1994) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553–54 (10th Cir.1991) (further quotation omitted)).

## IV.  *Discussion*

■ Appellant in his capacity as Trustee argues that the bankruptcy court abused its discretion in granting the Default Judgment because he answered within the time limits delineated in Federal Rule of Bankruptcy Procedure 7012 ("Rule 7012"). Alternatively, he appears to argue that he answered the Complaint when he "testified" at the hearings because his testimony put the factual allegations of the Complaint at issue.

■ Federal Rule of Bankruptcy Procedure 7055 makes Federal Rule of Civil Procedure 55 ("Rule 55") applicable in adversary proceedings. Rule 55(c) provides that a judgment by default may be set aside in accordance with the provisions of Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").[5] Relief under Rule 60(b) is

---

5. Rule 60(b) is incorporated into the Federal Rules of Bankruptcy Procedure through Rule 7002, which provides "[w]henever a Federal Rule of Civil Procedure applicable to adversary proceedings makes references to another Federal Rule of Civil Procedure, the reference shall be read as a reference to the Federal Rule of Civil Procedure as modified in this Part VII." Fed. R. Bankr.P. 7002. Federal Rule of Bankruptcy Procedure 9024 incorporates Rule 60(b) with some modifications not applicable here. *See* Fed. R. Bankr.P. 9024.

extraordinary and may only be granted in exceptional circumstances. *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.,* 909 F.2d 1437, 1440 (10th Cir. 1990). Under Rule 60(b), a court may set aside a default judgment "on motion and under such terms as are just" for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud, (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

> (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

> (6) or any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). Before the default will be set aside under one of the 60(b) standards, a movant must also demonstrate that its culpable conduct did not cause the default, the movant has a meritorious defense, and the plaintiff will not be prejudiced by setting aside the judgment (hereinafter referred to jointly as "*Timbers* criteria"). *United States v. Timbers Preserve,* 999 F.2d 452, 454–55 (10th Cir.1993). The defaulting party has the burden of proving that the default judgment should be set aside. *Nikwei v. Ross School of Aviation, Inc.,* 822 F.2d 939, 941 (10th Cir.1987). Although not clearly articulated, Appellant appears to argue that he is entitled to Rule 60(b)(1) relief on the grounds of mistake.[6]

■ Rule 60(b)(1) provides for relief from default judgments under the "mistake" provision only under one of the following prongs: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party; or (2) the court has made a substantive mistake of law or fact in the final judgment or order. *Yapp v. Excel Corp.,* 186 F.3d 1222, 1231 (10th Cir.1999). Here, Appellant argues mistake under both grounds. Appellant does not adequately support either argument, and Rule 60(b)(1) relief is not available in this case.

■ First, there is no evidence that an excusable litigation mistake was made. Ignorance of the rules or of the law is not enough to excuse a party's compliance with court rules or orders. *See* 11 Charles Alan Wright, Arthur R. Miller 7 Mary Kay Kane, *Federal Practice and Procedure* § 2858, at 170 (1973). Additionally, the record indicates that Appellant did not misunderstand what the bankruptcy court ordered, but rather he wilfully failed to comply. In the first hearing, the bankruptcy court specifically instructed Appellant to file an Answer. In response, Appellant attempted to reinstate the answer through his Emergency Request. That the bankruptcy court denied the Emergency Request cannot later excuse Appellant's failure to comply with the bankruptcy court's initial order.

Alternatively, Appellant argues that he mistakenly thought he answered the Complaint because he put the factual allegations of the Complaint in dispute with the following oral statements at the default hearing:

> parently believing that the default motion was granted on that basis.

---

**6.** In his brief, Appellant repeatedly refers to Federal Rule of Civil Procedure 12(b)(6), ap-

I never had access to them [the Trusts]. I never created them. I never had any input with them. [sic] ... I never received any statements from these trusts. I don't know what assets are in these trusts.

Applt. Brief at 6. The record does not support this argument.

The alleged testimony was not testimony but part of Appellant's opening statement at the default hearing.[7] No evidence or testimony was presented at either hearing. Opening statements are not evidence. *See Exeter Bancorporation, Inc. v. Kemper Sec. Group, Inc.*, 58 F.3d 1306, 1312 n. 5 (8th Cir.1995) (quoting *United States v. Fetlow*, 21 F.3d 243, 248 (8th Cir.1994), for the proposition that " '[s]tatements of counsel are not evidence' and do not create issues of fact."); *Lang v. Lang (In re Lang)*, 293 B.R. 501, 513 (10th Cir. BAP 2003) (same); *In re Nielsen*, 211 B.R. 19, 22 n. 3 (8th Cir. BAP 1997) (statements of counsel are not evidence unless "expressly stipulated as admissible evidence").

Second, Appellant has not shown that the bankruptcy court committed an error of law or fact under the second prong of the test. Failing to file a timely answer is grounds for entry of a default judgment under Rule 55(a). Appellant argues that he did not fail to appear because an Answer was filed, and the bankruptcy court erred in striking the Answer and his Emergency Request. A review of the entire record shows that the bankruptcy court did not abuse its discretion in striking the Answer and the Emergency Request. Furthermore, we note that the Order striking the Answer gave the Appellant twenty additional days to file an answer. The Appellant did not comply with that Order.

We decline to consider any of the other standards under Rule 60(b) because Appellant also cannot meet the *Timbers* criteria. Under *Timbers*, a party cannot obtain relief from a default judgment if its culpable conduct resulted in the judgment. "[A] party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default." *Timbers*, 999 F.2d at 454 (citing 6 James W. Moore et al., *Moore's Federal Practice* ¶ 55.10[1] (2d ed.1992)). As previously discussed, Appellant cannot show that the default did not resulted from his culpable conduct.

Appellant also has not established that he has a meritorious defense. A meritorious defense is one that is "presented and presented in a timely enough fashion to permit the opposing party to question the legal sufficiency of the defense." *Olson v. Stone (In re Stone)*, 588 F.2d 1316, 1319 (10th Cir.1978). Factual allegations supporting a meritorious defense must be submitted to the court in a written motion, a proposed answer, or attached affidavits. *Id.* at 1319–20; *see also Fidelity State Bank v. Oles*, 130 B.R. 578, 586 (D.Kan.1991) (finding that "[t]o meet this step, the movant need only allege a version of the facts which, if true, would constitute a defense to the action."). Oral testimony for the purpose of clarifying the written submissions may also be considered, but the admission of oral testimony is within the bankruptcy court's discretion. *Olson*, 588 F.2d at 1320–21.

Appellant has proffered no facts to sustain his defense and therefore cannot establish that he has a meritorious defense.

Next, Appellant argues that his due process rights were violated because he re-

---

7. We also observe that it is unclear whether these statements refer to the Trust or the Partnership or both because repeatedly in his opening statement Appellant refers to the "trusts," plural.

442

ceived no notice of the *Nunc Pro Tunc* Motion prior to the entry of the *Nunc Pro Tunc* Judgment. This argument fails.

■ A *nunc pro tunc* order is an equitable remedy that is used to rectify errors, omissions, or mistakes in previously entered orders. *Ethyl Corp. v. Browner,* 67 F.3d 941, 945 (D.C.Cir.1995). The term *nunc pro tunc* literally means "now for then." *Fierro v. Reno,* 217 F.3d 1, 5 (1st Cir.2000) (quoting *Black's Law Dictionary* 1097 (7th ed.1999)). "All courts have the inherent power to enter orders *nunc pro tunc* to show that their previous unrecorded acts ought to have been shown at that time." *Cairns v. Richardson,* 457 F.2d 1145, 1149 (10th Cir.1972). A *nunc pro tunc* order cannot be entered to correct an order without an error, omission, or mistake. *Central Laborers' Pension, Welfare & Annuity Funds v. Griffee,* 198 F.3d 642, 644 (7th Cir.1999) (stating "the only proper office of a *nunc pro tunc* order is to correct a mistake in the records; it cannot be used to rewrite history.").

■ The *Nunc Pro Tunc* Judgment did not change the oral ruling made by the bankruptcy court. Although the bankruptcy court had orally ruled that only distributions from the Partnership that were attributable to the interests of the Trust were to be turned over to Malloy, the initial written judgment stated that "any and all distributions" from the Partnership were to be delivered to Malloy. The *Nunc Pro Tunc* Order rectified that mistake by correctly recording the bankruptcy court's oral ruling. Appellant's due process rights were not violated.

## V. *Conclusion*

For the reasons stated above, the Default Order is AFFIRMED.