In re Janet Y. TAYLOR, Debtor.

Eric C. Rajala, Chapter 7 Trustee, Plaintiff–Appellee,

v.

Janet Y. Taylor, Defendant–Appellant.

BAP No. KS–13–020.
Bankruptcy No. 11–21217.
Adversary No. 12–06144.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

July 22, 2013.

Submitted on the briefs: *

Janet Y. Taylor, pro se.

Eric C. Rajala, Overland Park, KS, pro se.

Before THURMAN, Chief Judge, MICHAEL, and JACOBVITZ, Bankruptcy Judges.

## OPINION

MICHAEL, Bankruptcy Judge.

At issue is a default judgment revoking the debtor's discharge. The debtor does not argue that the default judgment was entered in violation of applicable statute, rule, or case law. Instead, she contends that grounds exist to vacate the default judgment, and asks this Court to do so. She has not asked the bankruptcy court to vacate the default judgment. Both parties to the appeal ask us to consider evidence and pleadings never presented to the bankruptcy court.

 We fail to see how a court can commit error by failing to undertake a task never asked of it. Motions to vacate a judgment, absent the most extraordinary of circumstances, should be presented to the court that entered the judgment, and not to an appellate court. There is no error in the actions taken by the bankruptcy court, and we therefore affirm.

## I. BACKGROUND

Janet Y. Taylor ("Taylor") filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on April 27, 2011. An order granting Taylor a discharge was entered by the bankruptcy court on August 3, 2011.[1] At the time she filed her bankruptcy case, Taylor was represented by Lindsay M. Wyatt ("Wyatt"), an attorney with an office in Kansas City, Missouri. Eric C. Rajala ("Rajala" or "Trustee") is the duly appointed Chapter 7 trustee in the case. On January 17, 2012, Wyatt withdrew as counsel for Taylor, and was replaced by Jeffrey L. Wagoner ("Wagoner"), another Kansas City, Missouri attorney.

On December 21, 2012, Rajala filed an adversary proceeding (the "Adversary Proceeding") seeking to revoke Taylor's discharge. Rajala sought revocation on the grounds that Taylor failed to comply with orders of the bankruptcy court regarding the turnover of complete copies of her 2011 federal and state tax returns, or to pay certain costs imposed by court order.[2] The summons and complaint were served upon Taylor and Wagoner by first class United States mail, postage prepaid, on December 27, 2012.[3] Service was made upon Taylor at the address she listed in her bankruptcy schedules.

On December 19, 2012, two days before Rajala filed his complaint to revoke discharge, Wagoner filed a motion to withdraw as counsel for Taylor. Among other things, Wagoner claimed that Taylor failed to comply with his requests for copies of her 2011 federal and state tax returns.[4]

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

1. *Discharge of Debtor, in* Appellee's Supp.App. at 29.

2. *Trustee's Complaint to Revoke Debtor's Discharge Pursuant to 11 U.S.C. § 727, in* Appellant's App. at 16–19.

3. *Summons in Adversary Proceeding, in* Appellee's Supp.App. at 5–8.

4. *Motion to Withdraw as Counsel Pursuant to Local Rule 83.5.5, in* Appellant's App. at 7–8.

Wagoner filed a certificate of service stating that he served copies of his motion to withdraw upon Taylor by first class and certified United States mail on December 20, 2012.[5] As directed by the bankruptcy court, Wagoner subsequently set the motion for a proposed hearing on February 13, 2013, with an objection deadline of February 5, 2013, and served notice of the same upon Taylor on January 15, 2013.[6] No objection was filed. An order allowing Wagoner to withdraw (the "Withdrawal Order") was entered on February 6, 2013.[7] Taylor did not file a notice of appeal of the Withdrawal Order.[8]

On January 29, 2013, Rajala filed a motion for default judgment in the Adversary Proceeding,[9] together with a notice of opportunity for hearing.[10] In the motion for default judgment, Rajala recited the following critical facts: 1) the complaint was filed on December 21, 2012; 2) the complaint was served upon Taylor and Wagoner, her then counsel of record in the underlying bankruptcy case, on December 27, 2012; 3) no answer or other responsive pleading to the complaint was ever filed; and 4) time for filing such a pleading had expired. The notice of opportunity for hearing filed by Rajala stated that any objection to the motion for default judg-

ment must be filed on or before February 22, 2013, and that, if any such objection were filed, a non-evidentiary hearing would be held on March 13, 2013. Copies of the motion for default judgment and the notice of hearing and objection deadline were served upon Taylor and Wagoner by first class United States mail.[11]

Taylor did not file an objection to the motion for default judgment. As a result, on March 3, 2013, the bankruptcy court entered an order revoking Taylor's discharge, and ordering her to pay costs and attorney fees (the "Default Judgment").[12] Taylor filed a notice of appeal with this Court referring to the Default Judgment, but not the Withdrawal Order.

## II. APPELLATE JURISDICTION

This Court has jurisdiction to hear timely filed appeals from final orders, final collateral orders, and, with leave of court, interlocutory orders of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[13] None of the parties elected to have these appeals heard by the United States District Court for the District of Kansas. The parties have therefore consented to appellate review by this

5. *Certificate of Service Regarding Debtors' Counsels Motion to Withdraw as Counsel [sic]*, in Appellant's App. at 10.

6. *See Docket Nos. 47 and 48 of Bankruptcy Docket Sheet*, in Appellee's Supp.App. at 27–28.

7. *Order Approving Jeffrey L. Wagoner's Motion to Withdraw as Counsel, Doc # 42*, in Appellant's App. at 14–15.

8. Taylor contends this appeal is also an appeal of the Withdrawal Order. This argument is discussed below.

9. *Motion for Default Judgment and Memorandum in Support Thereof*, in Appellant's App. at 24–25.

10. *Notice with Opportunity for Nonevidentiary Hearing on Motion for Default Judgment and Memorandum in Support Thereof*, in Appellee's Supp.App. at 9–10.

11. Wagoner filed his motion to withdraw on December 19, 2012, but the bankruptcy court's order allowing withdrawal was not entered until February 6, 2013.

12. *Journal Entry of Judgment*, in Appellant's App. at 26–28.

13. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002; 10th Cir. BAP L.R. 8001-3.

Court. A decision is considered final "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[14] An order granting a motion for default judgment is final for purposes of appeal.[15]

■ Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal from a decision of a bankruptcy court "shall be filed with the clerk within 14 days of the date of entry of the judgment, order, or decree appealed from."[16] The failure to timely file a notice of appeal deprives the appellate court of jurisdiction.[17] The Default Judgment was entered on March 3, 2013, and Taylor timely filed her notice of appeal on March 12, 2013. We have jurisdiction to consider the appeal of the Default Judgment.

■ The same cannot be said of the Withdrawal Order. In her opening brief, Taylor states that an issue on appeal is whether the bankruptcy court erred when it entered the Withdrawal Order. The Withdrawal Order was entered on February 6, 2013, and was a final order as it fully disposed of the issue of Wagoner's withdrawal as counsel for Taylor. Taylor filed her notice of appeal on March 12, 2013, some 34 days later. To the extent

the notice of appeal relates to the Withdrawal Order, it is untimely, and we lack jurisdiction to review it.[18]

## III. STANDARD OF REVIEW

■ We review the entry of a default judgment under the abuse of discretion standard.[19] Under this standard, a bankruptcy court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the bankruptcy court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.[20]

## IV. DISCUSSION

■ Default judgments in adversary proceedings are governed by Federal Rule of Civil Procedure 55 ("Rule 55"),[21] made applicable by Federal Rule of Bankruptcy Procedure 7055. Rule 55 provides in operative part:

> **Rule 55. Default; Default Judgment**
>
> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

---

**14.** *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)).

**15.** *Malloy v. Wallace (In re Wallace),* 298 B.R. 435, 439 (10th Cir. BAP 2003), *aff'd,* 99 Fed. Appx. 870 (10th Cir.2004).

**16.** Fed. R. Bankr.P. 8002(a).

**17.** *Emann v. Latture (In re Latture),* 605 F.3d 830, 832 (10th Cir.2010).

**18.** We are aware of our obligation to construe *pro se* pleadings liberally. *Hall v. Bellmon,* 935 F.2d 1106 (10th Cir.1991). But, Taylor's *pro se* status does not excuse her obligation to

comply with fundamental procedural requirements, *see Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994), and as previously stated, the timely filing of a notice of appeal is a jurisdictional prerequisite. Moreover, the notice of appeal filed by Taylor makes no mention of the Withdrawal Order; it refers only to the Default Judgment.

**19.** *Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp.,* 115 F.3d 767, 771 (10th Cir.1997); *In re Wallace,* 298 B.R. at 439.

**20.** *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir.1994).

**21.** Unless otherwise specified, all future references to "Rule" are to the Federal Rules of Civil Procedure.

(b) Entering a Default Judgment.

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

(c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).[22]

The procedure contemplated by Rule 55 is elegant in its simplicity. In considering a motion for default judgment, a court is required to review the file to determine if the summons and complaint have been properly served, whether an answer or other responsive pleading has been timely filed, and, if not, whether additional proof is necessary in order to determine the type of relief to be granted (e.g., a money judgment). No more, no less. We have previously held that "[f]ail[ure] to file a timely answer is grounds for entry of a default judgment under Rule 55 [ (c) ]."[23]

■ In this Adversary Proceeding, the summons and complaint seeking revocation of discharge were properly served by first class mail, postage prepaid, upon Taylor and Wagoner, her attorney of record in her underlying bankruptcy case.[24] At the time the motion for default judgment was filed, the time for filing an answer or responsive pleading had passed. The complaint pled facts sufficient to support the relief requested—namely, the revocation of a Chapter 7 discharge as a result of Taylor's failure to turn over property and/or abide by court orders.[25] The bankruptcy court determined that it needed no further evidence to support entry of the Default Judgment, and it did not abuse its discretion in doing so.

Rather than discuss whether there were any procedural irregularities in obtaining the Default Judgment, Taylor argues that adequate grounds exist to vacate the Default Judgment. She relies upon Rule 55(c), which permits a default judgment to

---

**22.** Fed.R.Civ.P. 55(a)-(c).

**23.** *In re Wallace,* 298 B.R. at 441.

**24.** Such service is expressly authorized by Fed. R. Bankr.P. 7004(b)(9).

**25.** Revocation of discharge as a result of such conduct is authorized under 11 U.S.C. § 727(a)(6)(A) and (d)(3).

be vacated under Rule 60(b).[26] Rule 60(b) permits relief from a judgment on numerous grounds, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct by an opposing party. In summary, Taylor argues that the Default Judgment should be vacated because the blame for the misconduct alleged in the Adversary Proceeding lies with Wagoner.[27] In addition, Taylor contends that the bankruptcy court erred in its entry of the Withdrawal Order because Wagoner did not abide by Kansas local court rules, and because she had no notice of the intended withdrawal. Rajala takes issue with each of these arguments. In their briefs, Taylor and Rajala ask this Court to consider various matters of fact and law never presented to the bankruptcy court.[28]

 Taylor misperceives the role of an appellate court. Appellate courts do not retry the facts and rarely receive new evidence.[29] Further, appellate courts consider issues not first presented to the trial court only in extraordinary situations, such as when jurisdiction is questioned, sovereign immunity is raised, or necessary to prevent miscarriage of justice.[30] Generally, our function is limited solely to examining the action *actually undertaken by the bankruptcy court on the record before the bankruptcy court* in light of the proper standard of review. In this case, the applicable standard of review is abuse of discretion. Under this standard, we reverse a bankruptcy court's decision only when it has committed a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.

 On the facts of this case, it is difficult to fathom how the bankruptcy court could have abused its discretion. Rajala's complaint pled facts sufficient to support the revocation of a Chapter 7 discharge, it was properly served on Taylor, and she did not answer or object. Rajala's motion for default judgment was also prop-

---

**26.** Rule 60, Relief from a Judgment or Order, provides in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.
> Fed.R.Civ.P. 60(b).

**27.** In her Opening Brief, Taylor states she provided a complete copy of her 2011 federal and state income tax returns to Wagoner in March 2012. Appellant's Opening Brief at 6.

**28.** By way of example, Taylor asks us to consider as evidence her statements that she turned over all tax information requested by Rajala to Wagoner, and that she never received notice of the motion to withdraw. Rajala takes issue with each of these statements, and provides this Court with a detailed history of his dealings with Taylor. None of these appear to have been presented to the bankruptcy court in connection with the Default Judgment.

**29.** *Holdeman v. Devine*, 572 F.3d 1190, 1192 (10th Cir.2009) ("[T]he court below has the exclusive function of appraising credibility, determining the weight to be given testimony, drawing inferences from facts established, and resolving conflicts in the evidence.") (internal quotation marks omitted).

**30.** *In re C.W. Mining Co.*, 625 F.3d 1240, 1246 (10th Cir.2010).

erly served on Taylor, who again did not respond, and whose only appearance in the Adversary Proceeding was the filing of her notice of appeal. A court can only deal with what it is told, and cannot be expected to speak to facts and arguments never presented to it. A court addressing a motion for default judgment cannot and should not be expected to anticipate the filing of a motion to vacate that judgment, nor can or should it be expected to foresee and address potential arguments in support of or against such a motion.

Taylor seeks vacation of the Default Judgment under the standards set forth in Rule 60(b). Rule 60(b) does not concern itself with appellate review. Instead, it provides a court with an opportunity to grant relief from a valid judgment where, in the eyes of the court, the facts of the case warrant such relief. Because of the nature of the grounds for relief from judgment provided under Rule 60(b), e.g., mistake, excusable neglect, newly discovered evidence, and fraud, trial courts often consider evidence and arguments not made at the time of the entry of the original judgment when ruling on Rule 60(b) motions. A trial court is far better suited to such a role than an appellate court,

especially in light of its unique knowledge of the case, and the fact that in this case, there are no extraordinary situations or matters present that would warrant this Court receiving evidence in order to prevent a miscarriage of justice. Moreover, leaving motions to vacate judgments in the hands of the trial court reduces or eliminates the risk of forum shopping.

■■■■■ Several circuit courts of appeal have explicitly stated, or at least implied, that a party is not required to first bring a motion to set aside a default judgment pursuant to Rule 55 and/or Rule 60 in the trial court before appealing it to a higher court for review.[31] However, directly appealing a default judgment is quite unusual because it severely constrains the scope of the appellate court's review. With respect to judgments in general, "appeal is an effective remedy only if the matter in question has been made part of the record that can be put before the appellate court."[32] If a ground for relief involves factual matters not put before the trial court prior to a judgment or with regard to a motion for relief from that judgment, ordinarily they cannot be included in the record on appeal.[33]

---

**31.** *e360 Insight v. Spamhaus Project,* 500 F.3d 594, 601 (7th Cir.2007) (court has jurisdiction to entertain a direct appeal from a default judgment); *Pecarsky v. Galaxiworld.com Ltd.,* 249 F.3d 167, 170–71 (2d Cir.2001) (default judgment is final appealable order so it is possible, although unusual, for defendants to skip filing a motion to vacate and instead directly appeal); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1204 (5th Cir.1975) (third-party defendant appealing default judgment never filed a Rule 60(b) motion to have the judgment set aside). *But cf. Consorzio Del Prosciutto Di Parma v. Domain Name Clearing Co., LLC,* 346 F.3d 1193, 1195 (9th Cir.2003) (party who never appeared before the trial court cannot appeal default judgment to contest sufficiency of service without having made a Rule 55(c) or 60(b) motion); *Dreith v. Nu Image, Inc.,* 648

F.3d 779, 789 n. 1 (9th Cir.2011) (although *Consorzio* mandates dismissal of an appeal when a party has not filed a Rule 55(c) or 60(b) motion in the trial court, we "consider the merits of this action, as both public policy and the policy of this court dictate"); *In re Sharma,* No. CC–12–1302, 2013 WL 1987351, at *5–6 (9th Cir. BAP May 14, 2013) ("Ninth Circuit has not definitely established whether dismissal is required when a judgment entered by default is appealed without first seeking review under Civil Rule 60(b)," but rule seems to be that direct appeal of a default judgment will be dismissed when the party failed to participate in the proceedings below or when the appeal raises new factual issues).

**32.** Restatement (Second) of Judgments § 78 cmt. e (1982).

Further, in cases like the one before us now, "a default judgment bars the defaulting party from disputing the facts alleged in the complaint," and preserves for appeal only "arguments of law made below as to whether the facts as alleged state a claim."[34] The default defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact, and is barred from disputing those facts on appeal.[35] Moreover, in this case, Taylor not only appealed without first filing a motion to set aside the Default Judgment, she made no appearance in the Adversary Proceeding whatsoever. Consequently, appellate review of the Default Judgment is limited to whether Trustee's complaint was sufficiently pled, and whether Taylor received proper service and notice.

We have reviewed the record and determined that: 1) Trustee's complaint was sufficiently pled to support revocation of Taylor's discharge; 2) the complaint and summons were properly served on Taylor and Wagoner, her attorney of record; 3) Trustee's motion for default judgment and notice of opportunity for hearing were properly served on Taylor and Wagoner; 4) Taylor did not file an answer or response to the complaint, nor did she object to default judgment or otherwise appear in the matter. As a result, there are no grounds for setting aside the Default Judgment on appeal.

The arguments made by Taylor on appeal for vacating the Default Judgment should have been presented to the bankruptcy court.[36] A trial court is in the proper position to take additional evidence, hear additional argument, and determine whether to vacate its own default judgment for good cause under Rules 55(c) and Rule 60(b). As an appellate court, we are limited to reviewing what was presented to the trial court in connection with the Default Judgment.

## V. CONCLUSION

There was no abuse of discretion in the entry of the Default Judgment. The decision of the bankruptcy court is AFFIRMED.

---

**33.** *Id.*

**34.** *Bonilla v. Trebol Motors Corp.*, 150 F.3d 77, 80 (1st Cir.1998). *See also Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206.

**35.** *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206.

**36.** Had Taylor filed her motion before the bankruptcy court within the time for filing of

a notice of appeal, the time for filing a notice of appeal would have been stayed pending the outcome of the motion to vacate. *See* Fed. R. Bankr.P. 8002(b)(4) and 9024. In other words, a party does not have to choose between filing a motion to vacate a judgment and an appeal of that judgment. Assuming the motion to vacate is filed within 14 days of the judgment, the right of appeal is preserved.