**UNITED STATES of America, Plaintiff,**

v.

**$182,980.00 U.S. CURRENCY and One 1988 Ford F–250 4X4 Super Pickup VIN 1FTHX25GOJKA89686, Colorado Temporary License 0683OP, Defendants.**

**[Claimant: Edwin T. Winn for one 1988 Ford F–250]**

**Civ. A. No. 89–B–931.**

United States District Court, D. Colorado.

Jan. 9, 1990.

Robert D. Clark, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Robert W. Cook, Boulder, Colo., for claimant Winn.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before me on the United States of America's (government) motion for default judgment against defendant $182,980.00 U.S. currency (cash) and for summary judgment against defendant 1988 Ford F–250 4X4 Super Pickup, VIN 1FTHX25GOJKA89686, Colorado Temporary License 0683OP (truck) (collectively the "property"). The government contends that because claimant Edwin T. Winn (Winn or claimant) is a fugitive from justice, he has no standing to contest the government's forfeiture of the truck. I agree and grant the government's motion.

The following facts are undisputed:

The government's verified complaint for forfeiture *in rem* was filed on May 25 1989. That same day, this Court issued an Order for arrest of property *in rem*. The verified complaint, the notice of seizure and procedure, and the notice of lis pendens were mailed to claimant and his attorney. Notice by mail was provided to all persons with a record interest in the property. On August 8, 1989, the United States Marshal executed the warrant for arrest of property *in rem* against defendant property. Notice by publication was made in the *Denver*

*Post* on August 23, 30, and September 6, 1989.

According to the certificate of title, Winn is the owner of truck. He also is the lessee of the safe deposit box from which the cash was seized. In his answer dated June 16, 1989, Winn, through counsel, asserted a claim to the truck but disclaimed any interest in the cash. No other claimant has asserted any interest in either the truck or the cash, whether by means of a claim or an answer to the government's verified complaint for forfeiture *in rem*.

On June 16, 1989, a Colorado federal grand jury returned an Indictment against Winn, and a superseding Indictment was returned on July 13, 1989. On August 8, 1989, upon the government's motion, the Indictment was unsealed. Through his attorney, Winn promised to surrender himself to stand trial on the charges alleged in the Indictment by August 14, 1989. Since then, Winn has been a fugitive from justice.

Claimant argues in his response to the government's motion that genuine issues of material fact are in dispute which prevent entry of summary judgment. However, claimant does not specify what, if any, material facts are disputed. Accordingly, I find that claimant has failed to meet his burden of proof on summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Industrial Co.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Further, because he is a fugitive from justice, claimant lacks standing to contest the forfeiture of the truck. *See United States v. $129,374.00*, 769 F.2d 583, 587 (9th Cir.1985), *cert denied*, 474 U.S. 1086, 106 S.Ct. 863, 88 L.Ed.2d 901 (1986); *United States v. $45,940.00*, 739 F.2d 792, 798 (2nd Cir.1984); *United States v. One Parcel of Land in Dade County, Florida*, 868 F.2d 1214, 1216 (11th Cir.1989); *But see United States v. $83,320*, 682 F.2d 573 (6th Cir.1982). Accordingly, IT IS ORDERED that:

1) Government's motion for entry of default judgment is GRANTED. Pursuant to Fed.R.Civ.P. 55, default judgment shall enter in the government's favor against defendant $182,980.00 U.S. currency.

2) Government's motion for summary judgment is GRANTED. Pursuant to Fed. R.Civ.P. 56, summary judgment shall enter in government's favor against defendant Ford pickup truck.

3) Defendant property is finally and irrevocably forfeited to the government pursuant to 21 U.S.C. § 881(a)(6), and that the government shall have full and legal title to the defendant property to convey to any purchaser. The legal description of the property is:

a. $182,980.00 U.S. currency seized from box 138A at the Personal Vault Center, 15375 Southwest US1, Miami, Florida together with any interest accrued thereon; and

b. One 1988 Ford F–250 4X4 Super Pickup, VIN 1FTHX25GOJKA89686, Colorado Temporary License 06830P.

4) The Court FURTHER FINDS and ORDERS that as alleged in the government's verified complaint for forfeiture *in rem*, $3,000.00 of the $182,980.00 U.S. currency constitutes Federal Bureau of Investigation (FBI) property and should be returned directly to the FBI, rather than being remitted to the Asset Forfeiture Fund.

5) It is FURTHER ORDERED that the government dispose of defendant property in accordance with law. At its sole option, the government shall be allowed to sell the defendant property and either deposit the net proceeds thereof, minus the $3,000.00 cash belonging to the FBI, in the Federal Asset Forfeiture Fund, distribute all or portions of the net proceeds to participating state and local law enforcement agencies under 21 U.S.C. § 881(e), put all or a portion of the defendant property to official government use, or otherwise dispose of the defendant property as provided by law.

6) The Court FURTHER FINDS that the government had reasonable cause to seize

the defendant property and institute this action. This order of forfeiture shall serve as a Certificate of Reasonable Cause for Seizure within the meaning of 28 U.S.C. § 2465.