999 F.2d 452
 26 Fed.R.Serv.3d 568
 UNITED STATES of America, Plaintiff-Appellee,
v.
TIMBERS PRESERVE, ROUTT COUNTY, COLORADO, Vacant Land at
Lots 1 and 3, including all profits therefrom and
all proceeds relating thereto, Defendant,
Joseph H. PIETRI, Claimant-Appellant.
 No. 92-1222.
 United States Court of Appeals,
Tenth Circuit.
 July 6, 1993.
 
 Richard C. Kaufman, Asst. U.S. Atty., Denver, CO (Michael J. Norton, U.S. Atty., with him on brief) for plaintiff-appellee.
 Robert W. Cook, Boulder, CO, for defendant-appellant.
 BALDOCK, Circuit Judge, WOOD, Jr., Senior Circuit Judge,* and EBEL, Circuit Judge.
 HARLINGTON WOOD, Jr., Senior Circuit Judge.
 
 
 1
 This case began in January 1992 with the filing of a verified complaint by the United States pursuant to 18 U.S.C. § 981 and 21 U.S.C. § 881 seeking the forfeiture of two lots of real property in The Timbers Preserve in Colorado. These lots were owned by Joseph R. Pietri. The complaint alleged that Pietri was a member of a drug trafficking organization, had been trafficking in illegal drugs since 1970, and had acquired the property in 1991 with money from that enterprise. The complaint further alleged that Pietri had been indicted in May 1991 for one count of conspiracy and six counts of possession with intent to distribute 100 kilograms of marijuana, but was then a fugitive thought to be living in Laos in Southeast Asia.
 
 
 2
 Pietri, however, responded by filing a notice of claim and answer to the complaint. The district court struck his pleadings on the government's motion on May 11, 1992, on the basis that Pietri was a fugitive from justice. On May 21, 1992, the court granted the government's motion for default judgment and entered a final order of forfeiture on the property.
 
 
 3
 This appeal stems from Pietri's motion to set aside the default judgment and relief from final judgment which the district court denied on July 16, 1992. Because we believe the default judgment was properly entered by the court under the fugitive disentitlement theory, we affirm the court's denial of Pietri's motion to set aside that judgment.
 
 I.
 
 4
 The fugitive disentitlement doctrine stems from the Supreme Court's decision in Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), in which the Court held that an appellate court could dismiss the criminal appeal of a defendant if that defendant is a fugitive from justice. Id. at 366, 90 S.Ct. at 498-99. The Court stated the defendant's fugitive status "does not strip the case of its character as an adjudicable case or controversy," but "it disentitles the defendant to call upon the resources of the Court for determination of his claims." Id. The doctrine relies upon the theory that a fugitive from justice should not be able to use the judicial system while at the same time avoiding it.
 
 
 5
 The Supreme Court has not applied the disentitlement doctrine in the civil context although other appellate courts have. See Conforte v. Commissioner of Internal Revenue, 692 F.2d 587, 590 (9th Cir.1982); Doyle v. United States Dep't of Justice, 668 F.2d 1365, 1366 (D.C.Cir.1981), cert. denied, 455 U.S. 1002, 102 S.Ct. 1636, 71 L.Ed.2d 870 (1982); Broadway v. Montgomery, 530 F.2d 657, 659 (5th Cir.1976); United States ex rel. Bailey v. United States Commanding Officer, 496 F.2d 324, 326 (1st Cir.1974). Several appellate courts have applied the doctrine in civil in rem forfeiture cases as well. United States v. Eng, 951 F.2d 461, 467 (2d Cir.1991); United States v. One Parcel of Real Estate, 868 F.2d 1214, 1215 (11th Cir.1989); United States v. Pole No. 3172, 852 F.2d 636, 643-44 (1st Cir.1988); United States v. $129,374 in Currency, 769 F.2d 583, 587-89 (9th Cir.1985), cert. denied, 474 U.S. 1086, 106 S.Ct. 863, 88 L.Ed.2d 901 (1986).
 
 
 6
 The Tenth Circuit has applied Molinaro only in the criminal context. See Brinlee v. Crisp, 608 F.2d 839, 856-57 (10th Cir.1979) (upholding denial of habeas corpus petition when state court dismissed criminal defendant's appeal because he was a fugitive), cert. denied, 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 733 (1980); Gonzales v. Stover, 575 F.2d 827, 828 (10th Cir.1978) (same); United States v. Swigart, 490 F.2d 914, 915 (10th Cir.1973); United States v. O'Neal, 453 F.2d 344, 345 (10th Cir.1972). At least two district courts within this circuit have used Molinaro in a civil context. United States v. $182,980 Currency, 727 F.Supp. 1387, 1388 (D.Colo.1990) (granting default judgment in in rem forfeiture case because claimant is a fugitive); Seibert v. Johnston, 381 F.Supp. 277, 279-80 (E.D.Okla.1974) (dismissing a section 1983 case because plaintiff was a fugitive).
 
 
 7
 In the district court, the judge entered the default judgment in the government's favor on the Molinaro theory that a fugitive from justice should not be able to use the court to file a claim in the forfeiture action. The court relied upon the numerous court decisions which invoked the disentitlement doctrine in civil cases, including civil in rem forfeiture cases. That Pietri was a fugitive from justice was undisputed by the parties. The civil forfeiture action was closely related to the criminal indictment from which Pietri fled as his criminal drug activities supplied the money to purchase the property at stake in the civil action.
 
 
 8
 Pietri then filed a motion under Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure to set aside the default judgment after he was returned to United States custody. Pietri explained he attempted to return to the United States before the default judgment was entered but was incarcerated in a Laos prison and unable to do so. He further alleged that because he was turned over to United States custody in Thailand on May 20, 1992, and brought back to this country on May 22 that he was therefore no longer a fugitive and could assert his claim. The district court denied his motion holding in its discretion under Rule 60(b) that since the moving party's culpable conduct caused the default, the moving party, Pietri, was not entitled to relief from the default judgment. The court also found Pietri had remained a fugitive in Southeast Asia and failed to submit himself to the jurisdiction of the court during the pendency of the forfeiture action.
 
 
 9
 We review the district court's denial of Pietri's motion to set aside the default judgment under Rules 55(c) and 60(b) applying an abuse of discretion standard. Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1145 (10th Cir.1990); Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp., 837 F.2d 423, 426 (10th Cir.1988); 6 James W. Moore et al., Moore's Federal Practice p 55.10 (2d ed. 1992).
 
 
 10
 Under Rule 60(b), which standards Rule 55(c) invokes when a party is seeking relief from a default judgment,[1] a court may set aside a final judgment "[o]n motion and upon such terms as are just." Fed.R.Civ.P. 60(b). The several reasons listed in the Rule include setting aside for: "mistake, inadvertence, surprise, or excusable neglect," id. at (b)(1), or for: "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Id. at (b)(3). It is also established that a movant must have a meritorious defense as well as a good reason to set aside the default. Greenwood Explorations, Ltd., 837 F.2d at 427; Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1445 (10th Cir.1983); In re Stone, 588 F.2d 1316, 1319 (10th Cir.1978).
 
 
 11
 Other courts also consider whether the moving party's culpable conduct caused or led to the default. E.g. Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.), cert. denied, 484 U.S. 976, 108 S.Ct. 486, 487, 98 L.Ed.2d 485 (1987). "Courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied." Davis v. Musler, 713 F.2d 907, 915 (2d Cir.1983). Courts have established three requirements which must be met when setting aside a default judgment under Rule 60(b): (1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment. See Meadows, 817 F.2d at 521; INVST Fin. Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 398 (6th Cir.), cert. denied, 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987); 6 Moore, supra, p 55.10. The Second Circuit considers the first factor in terms of whether the default was willful. Wagstaff-El v. Carlton Press Co., 913 F.2d 56, 57 (2d Cir.1990), cert. denied, 499 U.S. 929, 111 S.Ct. 1332, 113 L.Ed.2d 263 (1991); Davis, 713 F.2d at 915. Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default. 6 Moore, supra, p 55.10; see also Meadows, 817 F.2d at 521 (receiving actual notice and failing to respond is culpable conduct).
 
 
 12
 The district court relied upon the above three factors and found that because Pietri's culpable conduct caused the default the court would not set aside the verdict. The court stated in its July 16, 1992, order: "[Pietri's] voluntary decision to avoid prosecution by becoming a fugitive, and his continued fugitive status throughout this forfeiture proceeding, clearly demonstrates a disregard for and an attempt to thwart these judicial proceedings."
 
 
 13
 We agree with the district court that Pietri's fugitive status shows a willful disregard for the court. His culpable conduct will not be excused or sanctioned. A moving party need not come into court completely unblemished, but neither must a district or appellate court ignore the party's obvious culpable behavior. See United States v. $25,721 in Currency, 938 F.2d 1417, 1422 (1st Cir.1991). A Rule 60(b) motion gives the district court a grand reservoir of equitable power to do justice in a particular case. Thompson v. Kerr-McGee Refining Corp., 660 F.2d 1380, 1385 (10th Cir.1981), cert. denied, 455 U.S. 1019, 102 S.Ct. 1716, 72 L.Ed.2d 137 (1982); see also Greenwood Explorations, Ltd., 837 F.2d at 426 (Rule 60(b) motion left almost entirely up to discretion of trial court). On appeal we will reverse a district court's denial of a Rule 60(b) motion only if the court abused its discretion, and "we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong." Pelican Prod. Corp., 893 F.2d at 1147.
 
 
 14
 On appeal, Pietri focussed on the government's alleged conduct in maintaining Pietri's fugitive status in Laos after a certain point in time. While Pietri acknowledges he voluntarily fled to Laos, he claims he tried to return to the United States after being notified of the forfeiture action. Allegedly his passport was seized on February 27, 1992, by Laotian officials, and he was arrested and incarcerated on April 1 until he was turned over to United States officials on May 20 in Thailand. Pietri infers that the United States knew about the passport seizure and incarceration before the district court entered the default judgment on May 21. Because Pietri was in United States custody by the end of May, Pietri infers the United States had to have known, and perhaps even caused, what had happened to him in Laos which prevented him from returning to the United States before the entry of a default judgment. Therefore, if the United States is not responsible for orchestrating the events, since Pietri was supposedly in United States custody within days of the court's entry of the default judgment, the United States must surely have known what was happening and failed to inform the court of these material facts which would have born on the court's default judgment decision.
 
 
 15
 Pietri relies upon section (b)(3) in Rule 60 concerning fraud, misrepresentation, or other misconduct of an adverse party along with section (b)(1) in Rule 60 which concerns mistake, inadvertence, surprise, or excusable neglect. At the trial level, however, Pietri did not specify which section of Rule 60(b) warranted his relief. In his motion he simply stated that because he was no longer a fugitive, he was no longer disentitled from appearing in the forfeiture action. In his response to the government's reply to his motion, Pietri claims he was in United States custody on May 20 in Thailand. He never argued fraud on the government's part below, and we need not consider these new arguments on appeal. But because Rule 60(b) is to be liberally construed, Thompson, 660 F.2d at 1385, without undue emphasis on which section is relied upon in its analysis, Pelican Prod. Corp., 893 F.2d at 1146, we will assume for these purposes that Pietri did sufficiently argue fraud below. Nevertheless we must reject another of Pietri's arguments that because the district court did not specify section (b)(3) in his order, the court did not consider whether there was fraud on the part of the government. The court in its July 16, 1992, order adequately considered and rejected the issue of the government's alleged fraud. "[T]he default judgment was entered as a result of the claimant's own culpable conduct." (emphasis added). The court found that it was "inconsistent" of Pietri to assert that "[a]t no time after being notified of this forfeiture action did the Claimant choose to avoid the jurisdiction of the Court." Moreover, the consideration the court must give to a Rule 60(b) motion is ultimately whether there was excusable conduct or some other compelling reason for relief. Pelican Prod. Corp., 893 F.2d at 1146.
 
 
 16
 There is absolutely no evidence of United States involvement in the events which allegedly took place in Laos. It is Pietri's burden to prove the excusable conduct or fraud which is the basis for his motion. See id. Pietri's entire argument on appeal is based on nothing but self-serving speculation and inference upon inference. The United States denies the inferences are supported by any evidence. These inferences were rejected by the district court as being inconsistent with all other pleadings submitted by Pietri. This type of determination by the trial court, the court in the best position to make the determination, will not be lightly overturned on appeal. Chevron, Inc. v. Hand, 763 F.2d 1184, 1186 (10th Cir.1985). Regardless of the reasons for Pietri's incarceration in Laos, he was a fugitive from this country when he left and remained a fugitive until he was returned, even though he may have lost control of his own freedom in Laos. United States v. Eng, 951 F.2d 461, 464 (2d Cir.1991) ("one may flee though confined in prison in another jurisdiction").
 
 
 17
 Pietri also argues that it was arbitrary and capricious of the district court to enter the default judgment within two days of the government's motion for default judgment and only ten days after an "invitation" from the court to return and defend his property. There is no requirement in this situation that the court give any invitation or grace period before entering a default judgment when a party has defaulted. Molinaro v. New Jersey, 396 U.S. 365, 366, 90 S.Ct. 498, 499, 24 L.Ed.2d 586 (1970) (dismissal of appeal because appellant is a fugitive "need not await the end of the Term or the expiration of a fixed period of time, but should take place at this time"); Brinlee v. Crisp, 608 F.2d 839, 856 (10th Cir.1979) (stating a grace period for defendant to return to custody has been allowed in some cases but is not constitutionally mandated), cert. denied, 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 733 (1980). The court properly struck Pietri's answer to the forfeiture complaint on May 11, 1992, and it was within its power to enter a default judgment on May 21, 1992.
 
 II.
 
 18
 There is no basis to believe the district court abused its discretion in refusing to set aside its default judgment based upon the discredited inferences offered by Pietri. Pietri has not shown even remotely how substantial justice would be served by setting aside the final order of forfeiture.
 
 
 19
 AFFIRMED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation
 
 
 [1]
 "(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 55(c)