**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 28 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

IN RE: STEPHEN PAUL WALLACE,
doing business as Wallace Real Estate
Company, doing business as River
Oaks Associates, doing business as
Wallace Investment,

        Debtor.

---

PATRICK J. MALLOY III, Trustee,

        Plaintiff-Appellee,

   v.

STEPHEN PAUL WALLACE, Trustee
for the Stephen Paul Wallace
Irrevocable Trust (Trust),

        Defendant-Appellant.

No. 03-5153
(BAP No. 03-024)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **BARRETT** , and **TYMKOVICH** , Circuit Judges. **

---

   * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

   ** After examining the briefs and the appellate record, this three-judge

(continued...)

Appellant-Debtor Stephen Paul Wallace appeals a decision of the Tenth Circuit Bankruptcy Appellate Panel (BAP) affirming the entry of a default judgment against him by the bankruptcy court for the Northern District of Oklahoma. Taking jurisdiction pursuant to 28 U.S.C. § 158, we affirm.

## I. Background

Wallace is trustee of the Stephen Paul Wallace Irrevocable Trust (the Trust), whose sole asset is a minority interest in a family partnership (the Partnership) and the right to distributions therefrom. Wallace, as an individual, filed for Chapter 7 bankruptcy protection and Appellee-Plaintiff Patrick Malloy III was appointed trustee for Wallace's estate in bankruptcy. On September 9, 2002, Malloy filed an Adversary Complaint against Wallace as Trustee, alleging Wallace had not honored the terms of the trust and seeking a determination that therefore the trust was illusory and its assets were properly the property of the bankruptcy estate. Wallace filed an Answer denying the allegations and making claims against third party defendants.

Malloy moved to strike the Answer because it had been filed by Wallace as an individual rather than as Trustee of the estate. The court held a hearing on the

**(...continued)
panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

motion on December 4, 2002. Wallace appeared pro se and claimed he "never had any control over that trust" when asked to respond to the claim that he had answered as an individual rather than as trustee. App. at 70. At the conclusion of the hearing, the bankruptcy court announced that it was dismissing the third party complaint and granting the motion to strike the Answer because it had been filed by a non-party. These rulings were formalized in a written order dated December 10, 2002. The court also gave Wallace, as trustee, an additional 20 days from the date of the order in which to file a corrected answer.

By letter dated January 7, 2003, Malloy wrote to Wallace noting that the period for filing a responsive pleading had expired and advising Wallace "that if I have not received a responsive pleading within five (5) days of the mailing of this letter, I will proceed with a motion for default judgment." [1] Wallace apparently did not directly respond to this letter, but instead on January 13, 2003, filed a document entitled "Emergency Request for Leave of Court To File Objection by Debtor of Not Receiving Notice of December 10, 2002, Order and Objection To Striking Original Pleading Prior To Order for Filing Restrictions" (the Emergency Request). The bankruptcy court, by written order dated January 14, 2003, found

---

[1] Although the December 10 Order actually gave Wallace twenty days to file a responsive pleading, the letter states that the period was ten days. Because more than twenty days had passed as of the mailing of the letter, this apparent mistake is not material.

that the Emergency Request was "largely unintelligible," did not state what Wallace sought from the court, and did not comply with filing restrictions the court had imposed on Wallace. The court therefore struck the Emergency Request.

On January 24, 2003, Malloy filed a Motion for Default Judgment. The court held a hearing on this motion on February 11, 2003, and Wallace again appeared pro se. Wallace claimed he was "amazed hearing it just now" that the court did not consider the original Answer to have been properly filed, App. at 81, but shortly thereafter claimed he had relied on the Emergency Request to serve as his response. *Id.* at 82. The court noted that both the original Answer and Third Party Complaint and the Emergency Request had been struck. Wallace also repeated and expounded upon the allegations he had made against third parties in the original third party complaint. The court asked Wallace if he had any evidence to present, and Wallace responded that he was asking for a stay of the proceeding "pending the criminal allegations against my family's estate" and referred to affidavits filed in a separate case, a copy of which Wallace had apparently given to the court. *Id.* The court ruled that because no answer had been filed by the Trustee, the well-pled allegations of the complaint were accepted as true. The Court therefore granted judgment in favor of Malloy's claim that the trust was not a valid trust and that its assets constituted property of

the bankruptcy estate. App. at 85. A written judgment (the Default Judgment) memorializing these rulings was entered the same day.

To clarify that only those interests in the Partnership held by the Trust were subject to the judgment, on February 20, 2002, Malloy filed a Motion for Order Nunc Pro Tunc Amending Judgment. The court entered an Order Nunc Pro Tunc to that effect the same day, without first giving notice to Wallace.

Wallace appealed the bankruptcy court's decision to the BAP, making essentially the same arguments he makes here. In a published opinion dated September 8, 2003, (the BAP Order), the BAP affirmed. Wallace timely appealed that decision to this court.

## II. Discussion

On appeal from BAP decisions, we undertake an independent review of the underlying bankruptcy court decision. *In re Albrecht*, 233 F.3d 1258, 1260 (10th Cir. 2000). We review both the bankruptcy court's entry of a default judgment and its grant of a nunc pro tunc order for abuse of discretion. *See Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997); *In re Land*, 943 F.2d 1265, 1266 (10th Cir. 1991). Under this standard we will only disturb the bankruptcy court's decision if "we have a definite and firm conviction that the bankruptcy court made a clear error of judgment or exceeded

the bounds of permissible choice under the circumstances." *United States v. Berger* (*In re Tanaka Bros. Farms, Inc.*), 36 F.3d 996, 998 (10th Cir. 1994).

Wallace, now in his role as trustee, argues, as he did to the BAP, that the bankruptcy court abused its discretion in granting the motion for default judgment for two reasons. First, he says his Answer was "arguably" a responsive pleading on behalf of the Trust. Second, he claims that his statements at the hearings were "testimony" that put the factual allegations of the Complaint into question. These arguments are unavailing.

In order to set aside a default judgment, a party must meet the requirements of Federal Rule of Civil Procedure 60(b). *See* Fed. R. Bankr. P. 7055 (making Fed. R. Civ. P. 55, which in turn invokes Rule 60(b), applicable in bankruptcy adversary proceedings). Relief under Rule 60(b) is only to be granted in exceptional circumstances. *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Rule 60(b) lists among those circumstances excusable mistake or neglect, Fed. R. Civ. P. 60(b)(1); misconduct of an adverse party, Fed. R. Civ. P. 60(b)(3); and "any other reason justifying relief," Fed. R. Civ. P. 60(b)(6).

The defaulting party has the burden of establishing that the default judgment should be set aside. *Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987). Beyond the specifics of Rule 60(b), then, Wilson has

the burden of showing that his culpable conduct did not cause the default, that he has a meritorious defense to the claim, and that the plaintiff will not be prejudiced by setting aside the judgment. *See United States v. Timbers Preserve, Routt County*, 999 F.2d 452, 454-55 (10th Cir. 1993).

As he apparently did in the BAP proceeding, Wallace fails even to mention Rule 60(b) or any of these burdens. *See* BAP Order at n.6. Instead, he discusses Rule 12(b)(6) and the requirements for motions to dismiss. The BAP, apparently in a charitable mood, nonetheless tried to match up Wallace's arguments with the provisions of Rule 60(b). The BAP felt that Wallace came closest to Rule 60(b)(1), which allows relief from a default judgment for "mistake, inadvertence, surprise, or excusable neglect." *See* BAP Order at 7. While we see no error in the BAP's holding that Wallace failed to show that he was entitled to relief under Rule 60(b)(1) (or any other provision of Rule 60(b)), we do not feel it necessary to indulge him even that much. Instead, we simply note that Wallace has given no court, at any point in these proceedings, reason to believe that his own "culpable conduct did not cause the default." *See Timbers Preserve*, 999 F.2d at 454.

The record shows that Wallace, as trustee, refused to follow the clear direction of the bankruptcy court, given both orally in Wallace's presence and in a written order, to file a responsive pleading. As his own brief declares, "In response, Wallace elected to stand on the answer and third-party complaint he

previously filed." Aplt. Opening Br. at 4. He later filed the Emergency Request, which even if it had been responsive, was filed well beyond the 20-day deadline the court had given. In both these written filings and his appearances in person, Wallace made clear to the court that he did not intend to follow the rules of civil or bankruptcy procedure, or even to attempt to adjudicate the issue properly before the court ( *i.e.*, whether the trust should be deemed illusory). Instead, Wallace appears to have simply tried to use the forum of the bankruptcy court to air his grievances against third parties.

By refusing to adjudicate the issues before the court, and by attempting to obfuscate his arguments before the courts, Wallace gave the bankruptcy court little choice but to declare him in default. Such "culpable conduct will not be excused or sanctioned. A moving party need not come into court completely unblemished, but neither must a [] court ignore the party's obvious culpable behavior." *Timbers Preserve*, 999 F.2d at 455. Because Wallace's own culpable conduct caused the default, the district court did not abuse its discretion in granting the motion for default judgment. Even under the more lenient standards governing the conduct of pro se non-lawyer parties, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001), Wallace has made no credible showing that he is entitled to any appellate relief. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[A]n

appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.")

Wallace's final argument is that entering the Nunc Pro Tunc Order before giving him notice of the motion "obviated any opportunity Wallace may have had to object and/or reply." Aplt. Opening Br. at 6. However, Wallace has provided us with no reason he should have been afforded such an opportunity or that the outcome would have been different if he had. For one thing, as the BAP correctly noted, the Order Nunc Pro Tunc simply corrected a mistake in the original written judgment to reflect the actual judgment of the court, which had been given orally at the hearing. In addition, the change made by the Nunc Pro Tunc Order did not affect Wallace's or the Trust's interests; under either judgment the distributions from the Partnership attributable to the Trust's interests were to be turned over to Malloy. The change simply made clear that no other interests in the Partnership were affected by the judgment. The bankruptcy court therefore did not abuse its discretion in entering the Order Nunc Pro Tunc without giving Wallace prior notice.

The Default Judgment and the Order Nunc Pro Tunc are therefore

AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge