**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CADIGAN & PARK, P.C.,

        Plaintiff-Appellee,

v.

ABBASID, INC.; AZHAR SAID;
PHOENICIAN IMPORTS, INC.;
MARIA INVESTMENTS, INC.;
REGIN, INC.; CHINASEA, INC.,

        Defendants-Appellants.

No. 10-2279
(D.C. No. 1:10-CV-00694-WJ-WDS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Defendants Abbasid, Inc.; Azhar Said; Phoenician Imports, Inc.; Maria

Investments, Inc.; Regin, Inc.; and Chinasea, Inc. appeal from the district court's

order denying their motion for relief from judgment under Fed. R. Civ. P. 60(b).

We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

The parties are familiar with the facts, and we need not detail them here. Plaintiff Cadigan & Park, P.C., a law firm, brought suit in New Mexico state court against defendants for unpaid legal fees and costs. Defendants, with the assistance of counsel, removed the case to federal court on diversity grounds, but did not submit a timely answer in either state or federal court. After Cadigan & Park requested entry of default and default judgment, defendants then filed their answers.

The district court entered default and default judgment on the ground that defendants did not show good cause for their failure to answer in a timely manner. The court then held a hearing, set a damage amount, and entered final judgment in favor of Cadigan & Park.

Defendants moved to set aside the judgment, asserting that the untimeliness was due to their inability to find counsel willing to file a legal malpractice counterclaim along with their answer. The district court denied the motion, concluding that "[d]efendants' culpability [was] responsible for the default, rather than excusable neglect," and that defendants lacked any meritorious defenses to Cadigan & Park's claims. Aplt. App. at 280. Defendants appeal the district court's ruling.

II.

"We review for abuse of discretion a district court's denial of a Rule 60(b) motion, keeping in mind that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011) (quotation omitted). *See also Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 796–97 (10th Cir. 2008) (stating that the abuse-of-discretion standard is generally applied to review a denial of a Rule 60(b) motion to set aside a default judgment). Thus, we determine only "if a definite, clear or unmistakable error occurred." *Thomas v. Parker*, 609 F.3d 1114, 1119 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1691 (2011).

A district court has discretion to vacate a judgment if a movant shows good cause within the terms of Rule 60(b).[1] *United States v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir. 1993). "Parties desiring [Rule 60(b) relief from default judgment] must particularize, and generally do not acquit themselves of

---

[1] Rule 60(b)(1) states, in pertinent part:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect[.]

responsibility by showing merely that they placed the case in the hands of an attorney." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (quotation omitted).

Defendants lay the blame for their untimeliness at the doorstep of an attorney who "was unwilling to take any action, including filing an answer and counterclaim, after removing the case to federal court." Aplt. Br. at 11-12. According to defendants, the attorney advised that "the answer and counterclaim were inseparable and had to be filed together." *Id.* at 4. They embarked upon a "frantic" search for replacement counsel, *id.* at 4, and found an attorney amenable to their instructions "a few days before the default judgment was entered," *id.* at 21. The district court, however, found that defendant Said, a sophisticated litigant, could not attribute defendants' situation to lack of counsel or poor legal advice. Rather, there was "evidence of a persistent failure to adhere to deadlines and litigate cases in good faith" and a "persistent and pervasive failure to pay . . . legal bills." Aplt. App. at 280.

## III.

There is no error in the district court's finding of culpability. Defendants have shown no reason to believe that their own "culpable conduct did not cause default." *Timbers Preserve*, 999 F.2d at 454. Accordingly, defendants have failed to demonstrate an abuse of discretion in the district court's denial of their

-4-

motion to set aside the default judgment.[2]  For the reasons stated, and substantially for the reasons stated in the district court's Memorandum Opinion and Order Denying Motion to Set Aside Default Judgment, the judgment of the district court is AFFIRMED.

                                        Entered for the Court


                                        Paul J. Kelly, Jr.
                                        Circuit Judge

---

[2]      In addition to the factors under Rule 60(b), a movant "must have a meritorious defense as well as a good reason to set aside the default [judgment]." *Timbers Preserve*, 999 F.2d at 454.  The district court "rejected the contention that [d]efendants can establish a meritorious defense" and determined that they "cannot win on this factor."  Aplt. App. at 281.  We need not delve into the merits of defendants' defenses on appeal.  The requirement that movants demonstrate a meritorious defense is *in addition to* the threshold showing of excusable neglect. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 n.2 (10th Cir. 1996).