FILED
United States Court of Appeals
Tenth Circuit

April 25, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM ZIMMERLING,

        Plaintiff–Appellee,

v.

AFFINITY FINANCIAL
CORPORATION,

        Defendant–Appellant.

No. 11-1265
(D.C. No. 1:09-CV-01071-CMA-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

Affinity Financial Corporation ("Affinity") appeals the district court's

denial of Fed. R. Civ. P. 60(b) relief from a default judgment. We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

William Zimmerling brought this action against Affinity and one of its subsidiaries, claiming breach of contract arising from his termination. The subsidiary, Waterfield Bank, was dismissed from the case after it was closed and placed in receivership. In February 2010, the district court denied Zimmerling's motion for summary judgment, concluding that there were disputed issues of fact concerning whether he was entitled to a severance payment. In June 2010, Affinity's attorney moved to withdraw as counsel because the company was insolvent and unable to pay any future legal fees. Counsel informed Affinity that the company could not appear in the case without legal representation and that "absent prompt appearance of substitute counsel, . . . default judgment or other sanctions may be imposed against Affinity." The district court granted the withdrawal motion on June 15, 2010.

Nearly three months later, Zimmerling's attorney, Brian Moore, sent a letter to one of Affinity's executives, Richard Waterfield. Moore informed Affinity that, unless an attorney entered an appearance on behalf of Affinity, he planned on filing a motion for entry of default the following week. Moore mailed the letter to Waterfield at the company's address in Irvine, California, and sent a copy to him via email.

On the same day, September 8, 2010, the United States Postal Service received a change of address request from Affinity, requesting that its mail be

forwarded from its Irvine address to an address in Newport Beach, California, effective September 14, 2010. Affinity did not notify the district court, Zimmerling, or Moore of this change.

On September 16, Moore received a call from another Affinity executive, Randall Waterfield (Richard's brother), who tried to persuade him to convince his client to drop the lawsuit because the company was insolvent and hence judgment proof. Moore suggested that Affinity should allow judgment to enter against it by consent, but he never indicated that he would not file a motion for default. Randall did not inform Moore of Affinity's new address during this call.

On September 21, Moore filed a motion for entry of default and served it on Affinity by mailing it to Affinity's Irvine address. The court granted the motion on October 15, and the clerk filed an entry of default by mailing a copy to Affinity's Irvine address of record. After Affinity failed to appear at a damages hearing, the court ordered that judgment should enter in Zimmerling's favor in the amount of $370,930.39 plus post-judgment interest.

Meanwhile, in late October 2010, Affinity obtained a $2.75 million arbitration award against AARP Financial Corp. Having learned of the arbitration award, Zimmerling filed a collection action against AARP in Massachusetts, where AARP is headquartered and Affinity had registered to do business. On November 24, 2010, Zimmerling obtained a temporary restraining order enjoining AARP from transferring any funds to Affinity without setting aside $380,000 for

-3-

possible satisfaction of the default judgment. On November 29, Moore emailed courtesy copies of filings in the collection action to Richard Waterfield, alerting him that the Massachusetts court had set a preliminary injunction hearing for December 2. The next day, Affinity retained Massachusetts counsel to contest the collection action. The court entered the preliminary injunction against AARP on December 13.

On December 20, 2010, Affinity, now with counsel in the action underlying this appeal, filed a motion to vacate the default judgment under Fed. R. Civ. P. 60(b)(1), which permits a district court to relieve a party from judgment in cases of "mistake, inadvertence, surprise, or excusable neglect."[1] Affinity claimed its default was the product of "excusable neglect," arguing that it never received actual notice of the motion for default, but if it had, it would have promptly retained counsel to defend the case. Specifically, Affinity pointed to its change of address from Irvine to Newport Beach in June 2010 and claimed that it never received the motion for default, which Moore sent to the Irvine address. Affinity further argued that it was burdened by a multitude of other legal and business matters arising from the closing of its subsidiary and lacked the

---

[1] Although Affinity also invoked Rule 60(b)(6), which permits a court to relieve a party from judgment for any reason other than those listed in Rule 60(b)(1)-(5), we fail to see any specific argument based on that provision either in the district court or on appeal. Therefore, we do not address Rule 60(b)(6).

resources to deal with all of those matters.  Finally, Affinity claimed it had a meritorious defense, as reflected by the district court's denial of Zimmerling's motions for summary judgment—that Zimmerling was fired for cause, and therefore, he was not entitled to any compensation upon termination.

After a hearing, the district court denied the motion to vacate the default judgment.  The court viewed Affinity's claim that it lacked actual notice with suspicion but assumed the claim was true.  Nonetheless, the court concluded that Affinity's lack of actual notice was due to its failure to promptly retain counsel after its former counsel withdrew and its failure to inform the court or Zimmerling of its new address.  The court noted that the company's obligation to obtain counsel was triggered by the withdrawal of its former counsel, not the motion for default.  Further, the court, Affinity's former counsel, and Moore warned the company of its obligation and the possible consequences of noncompliance.  Accordingly, the court concluded that Affinity's lack-of-actual-notice argument did not adequately explain its failure to obtain substitute counsel.

The district court also rejected Affinity's argument that it was overburdened with legal and business matters, observing that it was able to retain counsel in other pending matters, to obtain Massachusetts counsel in the collection action in one day, and to file the motion to vacate within a week after the preliminary injunction was entered in the collection action.  The court further

pointed out the inconsistency between Affinity's claimed lack of resources and its contention that it would have obtained counsel to defend the motion for default if it had notice of the motion. Thus, the court concluded that Affinity "made a deliberate decision not to retain counsel, but to instead abandon the defense of this action because it believed itself to be effectively judgment proof." Therefore, the court concluded, Affinity was "stuck with the consequences." Based on Affinity's culpable conduct, the court concluded that the company was not entitled to Rule 60(b) relief. This appeal followed.

## II

We review the district court's denial of Rule 60(b) relief for abuse of discretion, which is "a judicial action [that] is arbitrary, capricious, or whimsical." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1145-1146 (10th Cir. 1990). To set aside a default judgment under Rule 60(b), the moving party must show that its "culpable conduct did not cause the default," that it "has a meritorious defense," and that "the non-moving party will not be prejudiced by setting aside the judgment." United States v. Timbers Preserve, 999 F.2d 452, 454 (10th Cir. 1993). A party "will be considered culpable only if the party defaulted willfully or has no excuse for the default." Id.

Affinity's arguments are largely premised on its view that the default judgment resulted from its "failure to receive the pleadings applicable to the Default Judgment through the regular mail." This premise is fundamentally

-6-

flawed.  As the district court clearly stated in its well-reasoned order, Affinity's lack of notice regarding the default judgment was not due to excusable neglect but to its deliberate decision not to retain counsel.

The district court's order is well-supported by Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442 (10th Cir. 1983).  In Cessna, we determined that a defendant was not entitled to Rule 60(b)(1) relief for excusable neglect where he made a conscious decision not to answer a complaint personally served on him based on the mistaken belief that he would not face individual liability.  See id. at 1445-47.  Affinity argues that unlike the Cessna defendant, its decision was not deliberate because the motion for default judgment was never personally served.  This argument overlooks the deliberateness of Affinity's predicate act:  its failure to retain counsel despite adequate warnings of the consequences of doing so.  Business entities appearing as parties in federal court must be represented by an attorney.  Tal v. Hogan, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006).  Dodging that obligation opens a corporation to the possibility of default.  See Cessna Fin. Corp., 715 F.2d at 1444-45 ("[L]itigants [are] not . . . free to appear at their pleasure" but must exhibit "a reasonably high standard of diligence in observing courts' rules of procedure.  The threat of judgment by default serves as an incentive to meet this standard." (citations omitted)).

We have often said that relief from judgment under the "mistake" provision of Rule 60(b)(1) is not appropriate when a party seeks to undo the consequences of its deliberate acts. See, e.g., Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999) ("[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 578 (10th Cir. 1996) (explaining that Rule 60(b)(1) relief for mistake is improper "when a party takes deliberate action upon advice of counsel and simply misapprehends the consequences of the action"). Although Affinity claimed "excusable neglect" rather than "mistake," we see no relevant distinction when deliberate acts are involved. See Timbers Preserve, 999 F.2d at 454 (culpable conduct forecloses Rule 60(b) relief).

Affinity contends that the district court was required to consider factors relevant to the excusable-neglect inquiry set out in Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005). But the Jennings factors concern whether a party's neglect is excusable; hence, they do not apply in the absence of neglect. The district court found that Affinity acted deliberately, not negligently, in failing to defend against the default judgment. Accordingly, it was not entitled to Rule 60(b)(1) relief.

## III

We **AFFIRM** the judgment of the district court.

Entered for the Court


Carlos F. Lucero
Circuit Judge