**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

$285,350.00 IN UNITED STATES
CURRENCY,

      Defendant.

------------------------------

TERRY FAULKNER,

      Claimant-Appellant.

No. 13-6081
(D.C. No. 5:12-CV-00878-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.

In this in rem civil forfeiture of $285,350.00, Claimant-Appellant Terry

Faulkner asserted that he was the custodian of the currency, which law enforcement

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

officers found in a hidden compartment of his vehicle. Through counsel, he filed a claim and an amended claim to the currency, pursuant to 18 U.S.C. § 983(a)(4)(A) and Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules). The government then served interrogatories on Mr. Faulkner concerning his interest in and possession of the currency, which he failed to answer until the district court ordered him to do so. He also failed to file an answer to the complaint, *see* § 983(a)(4)(B) and Supplemental Rule G(5)(b), despite two warnings by the government, so the district court granted the government's motion to strike his claim, *see* Supplemental Rule G(8)(c)(i)(A). Thereafter, the clerk of the district court entered default against "all third parties [including Mr. Faulkner] with an interest in the defendant $285,350 in U.S. currency." Aplt. App. at 40. Again through counsel, Mr. Faulkner moved to set aside the default, which the district court denied. The court then entered a default judgment and ordered the currency forfeited to the government.

Mr. Faulkner, proceeding through the same counsel as in the district court, appeals the order denying his request to set aside the default and the default judgment. He challenges the clerk's entry of default and the district court's default judgment claiming (1) the failure to comply with the applicable rules was the fault of Mr. Faulkner's attorney, not Mr. Faulkner, and (2) default judgments are disfavored. The government argues that Mr. Faulkner does not have standing to pursue his claim

- 2 -

for the currency because he did not challenge the district court's order striking his claim and amended claim.

Mr. Faulkner filed his motion under Fed. R. Civ. P. 55(c),[1] which provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Rule 55(c) invokes the standards of Rule 60(b), which provides that a judgment may be set aside "[o]n motion and just terms." "We generally review a district court's denial of a motion to set aside a default judgment under Rules 55(c) and 60(b) for an abuse of discretion." *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 796-97 (10th Cir. 2008) (footnote omitted). Accordingly, under the abuse-of-discretion standard, "[w]e reverse only if the district court's conclusion is arbitrary, capricious, whimsical or manifestly unreasonable or when we are convinced that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Elm Ridge Exploration Co. v. Engle*, 721 F.3d 1199, 1213 (10th Cir. 2013) (internal quotation marks omitted).

Three requirements must be met when setting aside a default judgment under Rule 60(b): "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment." *United States v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir. 1993), *abrogated on other grounds by Degen v. United*

---

[1] The motion cited Rule 55(a), but the applicable subsection is Rule 55(c).

- 3 -

*States*, 517 U.S. 820, 825 (1996). The district court determined that Mr. Faulkner failed to meet the first two requirements, and we agree. In denying the motion to set aside the default, the district court found that Mr. Faulkner had willfully failed to file the required answer to the government's forfeiture complaint, and that he had failed to present evidence of a meritorious defense. Apparently Mr. Faulkner claimed that he had saved $285,350.00 through the years, even though his tax returns showed minimal income, if any. We find no abuse of discretion in the district court's determination that Mr. Faulkner willfully failed to file an answer and failed to present a meritorious defense.

We further conclude that Mr. Faulkner is not entitled to relief due to his attorney's admitted failure to comply with the rules. The Supreme Court has long rejected "the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962); *accord Gripe v. City of Enid*, 312 F.3d 1184, 1189 (10th Cir. 2002). Also unpersuasive is Mr. Faulkner's argument that this civil foreclosure action is similar to a criminal proceeding because the government is a party, so his attorney's errors should not be attributed to him. The Court has explained:

> Clients have been held to be bound by their counsels' inaction in cases in which the inferences of conscious acquiescence have been less

supportable than they are here, and when the consequences have been more serious. Surely if a criminal defendant may be convicted because he did not have the presence of mind to repudiate his attorney's conduct in the course of a trial, a civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit. And if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of [appellant's] lawyer upon the [government]. Moreover, this Court's own practice is in keeping with this general principle. For example, if counsel files a petition for certiorari out of time, we attribute the delay to the petitioner and do not request an explanation from the petitioner before acting on the petition.

*Link*, 370 U.S. at 634 n.10 (citations omitted).

Mr. Faulkner also contends that the default judgment should be reversed because default judgments are disfavored. But default judgments are authorized by the court's rules, *see* Fed. R. Civ. P. 55, and as we have discussed, may be set aside only if the district court has abused its discretion in granting the default judgment. We conclude that the district court did not abuse its discretion. Consequently, we need not address the government's argument that Mr. Faulkner would not have standing to proceed if the default judgment were set aside.

The judgment of the district court is affirmed.

Entered for the Court


Wade Brorby
Senior Circuit Judge

- 5 -